Thomas WORD, Appellant,

v.

TIBER ISLAND COOPERATIVE HOMES, INC., Appellee.

No. 83–328.

District of Columbia Court of Appeals.

Submitted March 15, 1984.

Decided April 30, 1985.

---

Bernard A. Gray, Washington, D.C., was on brief, for appellant.

Lisa J. Dessel, Michael E. Brand, and Kenneth J. Loewinger, Washington, D.C., were on brief, for appellee.

Before BELSON, TERRY and ROGERS, Associate Judges.

TERRY, Associate Judge:

Appellee (the landlord) sued appellant (the tenant) for possession of an apartment based on the tenant's non-payment of rent. After a bench trial, the court entered judgment for the landlord. The sole issue presented on this appeal is whether the landlord was required to give the tenant a thirty-day notice to quit before bringing this action for possession.

In June 1981 appellant executed a lease with Berens Management Company, the agent for T.I. Associates Limited Partnership, for an apartment in a building owned by the partnership. In the lease, which created a month-to-month tenancy, appellant agreed to waive his right to receive any notice to quit "in case of default in the payment of rent or breach of any ... conditions and agreements [in the lease]...." Another provision stated: "[T]he conditions and agreements contained herein are binding on, and may be legally enforced by the parties hereto, their heirs, executors, administrators, successors and assigns...."

Appellee, Tiber Island Cooperative Homes, Inc. ("Tiber Island"), purchased the apartment building in November 1981 and was assigned the lease by the partnership. Appellant did not pay any rent from December 1981 through March 1982. In April 1982, however, he started to make rental payments into the registry of the court pursuant to a protective order in another action for possession which Tiber Island brought against him.[1] That money was eventually released to Tiber Island.

In September 1982 Tiber Island brought the present action for possession based on appellant's non-payment of rent from December 1981 through March 1982. On the printed complaint form, Tiber Island's agent checked the box which stated that "service of a notice to quit has been specifically waived in writing." Appellant filed an answer raising five defenses, four of which were based on the landlord's failure to serve him with a valid notice to quit.[2] At trial Tiber Island's counsel argued that appellant's waiver of his right to receive a notice to quit was a covenant which ran with the leasehold estate and could be enforced by Tiber Island as assignee of the original landlord, T.I. Associates Limited Partnership. Tiber Island also maintained that under D.C.Code § 45–1430 (1981)[3] it was entitled to the same rights which the original landlord had under the lease, and thus it did not have to provide appellant with a notice to quit because he had waived his right to such notice in his lease with the partnership. Appellant, of course, argued to the contrary. Both parties brought to

1. In that case it appears that a notice to quit was duly served on appellant.

2. The fifth defense was a *pro forma* assertion that the complaint failed to state a claim upon which relief could be granted. Appellant wisely does not press this point on appeal.

3. D.C.Code § 45–1430 (1981) provides:
    The grantee or assignee of the reversion of any leased premises shall have the same right of action against the lessee, his personal representatives, heirs, or assigns, for rent or for any forfeiture or breach of any convenant or condition in the lease which the grantor or assignor might have had; and the assignee of the lessee shall have the same rights of action against the lessor, his grantee, or assignee, upon any covenants in the lease which the lessee might have had against the lessor.

the court's attention several conflicting opinions by other Superior Court judges on the issue of whether a waiver by a tenant of his right to receive a notice to quit is a covenant running with the land which may be asserted by an assignee of the original landlord. After trial and the submission of supplemental memoranda, the court entered judgment for the landlord, Tiber Island, on the ground that "[a] notice to quit is a covenant which runs with the land and is enforceable by an assignee."

■ Both parties focus their arguments on appeal, as they did below, on the issue of whether a tenant's waiver of his right to receive a notice to quit is a covenant running with the land. We do not decide that question, however, because we conclude that the judgment must be affirmed on the alternative ground urged by Tiber Island in the trial court, namely, that under D.C. Code § 45–1430 it had the same rights as its assignor, the original landlord.[4]

■ Section 45–1430, whose language has stood unchanged since 1901, gives Tiber Island, the assignee of the original lease, "the same right of action against the lessee ... for rent or for any forfeiture or breach of any covenant or condition in the lease which the ... assignor might have had...." It puts the assignee in exactly the same position as the assignor with respect to the enforcement of the lease. Included within that right of action is the right to enforce every provision of the lease, including in this instance the tenant's express waiver of his right to a notice to quit.

■ Appellant does not dispute that he would have had no right to a notice to quit if this action had been brought by his original landlord, the partnership; rather, he argues that the assignment of the lease made his waiver unenforceable. We cannot agree. We hold that, by operation of section 45–1430, the rights of Tiber Island as assignee of the lease are precisely the same as the rights of its assignor. Thus Tiber Island, as assignee and successor landlord, was under no duty to give appellant any notice to quit, since appellant had waived his right to such notice when he signed the lease with the partnership, the assignor and original landlord.

Because appellant failed to pay his rent for four months, and because he waived his right to a notice to quit, the trial court properly awarded possession to the landlord. Because D.C.Code § 45–1430 controls this case, we do not need to decide, and we do not decide, whether a tenant's waiver of his right to a notice to quit is a covenant running with the land.

*Affirmed.*

---

**4.** We may, of course, affirm a judgment on grounds other than those relied upon by the trial court. *See Garrett v. Washington Air Com-* *pressor Co.,* 466 A.2d 462, 464 n. 5 (D.C.1983), and cases cited therein.