518 A.2d 468

**PROVIDENT GENERAL INSURANCE CO.**

v.

**Kathleen Mary McBRIDE, et al.**

**No. 928, Sept. Term, 1986.**

Court of Special Appeals of Maryland.

Dec. 10, 1986.

Robert L. Siems of Baltimore, for appellant.

Delverne A. Dressel (Horn, Dressel & Bennett, P.A., on the brief), Baltimore, for appellee, Atlanta.

John W. Stupak and James Crawford, Baltimore, on the brief, for appellee, McBride.

Aidan Francis Jones, on the brief pro se.

Argued before GILBERT, C.J., and BLOOM, KARWACKI, JJ.

KARWACKI, Judge.

In this expedited appeal from a declaratory judgment rendered by the Circuit Court for Baltimore County, the appellant, Provident General Insurance Company, and the appellees, Kathleen McBride and Atlanta Casualty Company, have filed an agreed statement of the case and facts pursuant to Rule 1029 b. We set forth that statement in edited form:

1. On or about June 22, 1984, Provident General Insurance Company issued an automobile liability insurance policy to Kathleen McBride, 1 Rembert Court, Apartment 304, Parkville, Maryland 21234, with a general limit of liability of $100,000.

2. On August 2, 1984, while the Provident policy was in effect, McBride was a passenger in an automobile owned by her and being operated by Aidan Francis Jones when that car was involved in a collision with a vehicle being operated by Kathleen Wurth.

3. For purposes of this case, it is conceded that Jones was operating the vehicle with permission of McBride at the time of the accident.

4. At the time of the accident, an automobile liability insurance policy was in effect between Jones and Atlanta

Casualty Company. Under the Atlanta policy, coverage is extended to Jones while operating the McBride vehicle and the coverage afforded under that policy is excess to any liability coverage provided under the Provident policy.

5. On September 3, 1985, a complaint was filed on behalf of McBride and against Jones in the Circuit Court for Baltimore County. In that case, McBride alleged the happening of the accident and negligence of Jones to have proximately caused the accident and personal injuries sustained by her. That case will hereinafter be referred to as the "McBride case."

6. The McBride case was placed at issue in the fall of 1985; that case is presently stayed by virtue of a court order of April 16, 1986.

7. On February 21, 1986, a declaratory judgment action was filed on behalf of Provident in the Circuit Court for Baltimore County, naming as respondents McBride, Jones and Atlanta. That case will hereinafter be referred to as the "Provident case."

8. The Provident policy provides the following pertinent sections:

*PART A—LIABILITY COVERAGE*

### INSURING AGREEMENT

We will pay damages for bodily injury or property damage for which any covered person becomes legally responsible because of an auto accident. We will settle or defend, as we consider appropriate, any claim or suit asking for these damages. In addition to our limit of liability, we will pay all defense costs we incur. Our duty to settle or defend ends when our limit of liability for this coverage has been exhausted.

"Covered person" as used in this Part means:

1. You or any family member for ownership, maintenance or use of any auto or trailer.

2. Any person using your covered auto. (subject to):

## LIABILITY COVERAGE EXCLUSION ENDORSEMENT

### LIABILITY COVERAGE

The following exclusion is added to Part A, Section A: We do not provide Liability Coverage for any person for bodily injury to you or any family member.

## UNINSURED MOTORISTS COVERAGE—MARYLAND

### UNINSURED MOTORISTS INSURANCE
### INSURING AGREEMENT

We will pay damages which a covered person is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of:

1. Bodily injury sustained by a covered person and caused by an accident; and

2. Property damage caused by an accident. Only items 1, 2, 4 and 5, under the definition of "uninsured motor vehicle" apply to property damage.

The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the uninsured motor vehicle. We will pay under this coverage only after the limits of liability under any applicable liability bonds or policies have been exhausted by payment of judgments or settlements.

No judgment for damages arising out of a suit brought against the owner or operator of an uninsured motor vehicle is binding on us unless we:

1. Received reasonable notice of the pendency of the suit resulting in the judgment; and of the suit resulting in the judgment; and

2. Had a reasonable opportunity to protect our interests in the suit.

"Covered person" as used in this endorsement means:

1. You or any family member.

"Uninsured motor vehicle" means a land motor vehicle or trailer of any type:

1. To which there is neither:

   a. Cash or securities; nor

   b. a liability bond or policy;

applicable at the time of the accident.

2. To which a liability bond or policy applies at the time of the accident, but its limit for liability is less than the minimum limit specified by the financial responsibility law of Maryland.

3. Which, with respect to damages for bodily injury only, a liability bond or policy applies at the time of the accident in limits equal to or greater than the limit specified by the financial responsibility law of Maryland, but less than the limit of liability for this coverage.

5. To which a liability bond or policy applies at the time of the accident, but the bonding or insuring company:

   a. denies coverage; or

   b. is or becomes insolvent.

However, "uninsured motor vehicle" does not include any vehicle or equipment:

1. Owned or furnished or available for your regular use.

LIMIT OF LIABILITY

The limit of liability shown in the Declarations for this coverage is our maximum limit of liability for all damages resulting from any one accident. This is the most we will pay regardless of the number of:

1. Covered persons;

2. Claims made;

3. Vehicles or premiums shown in the Declarations; or

4. Vehicles involved in the accident.

Except with respect to coverage under paragraph 3, of the definition of uninsured motor vehicle, any amounts otherwise payable for damages under this coverage shall be reduced by all sums:

1. Paid because of the bodily injury or property damage by or on behalf of persons or organizations who may be legally responsible. This includes all sums paid under Part A of the policy.

9. Provident filed a motion for summary judgment with its complaint for declaratory relief and raised three contentions:

I. The liability coverage exclusion endorsement in the policy issued by Provident to McBride excludes liability coverage to a permissive driver where the bodily injury is incurred by the named insured, so the policy does not provide liability coverage to Jones as to the claims of McBride.

II. If the liability coverage exclusion endorsement in the Provident policy is invalid as against public policy, the invalidity does not extend beyond the twenty thousand dollar compulsory limit of this state's insurance law, and the exclusion is valid as to any sum over twenty thousand dollars.[1]

III. The definition of an uninsured/underinsured motor vehicle in the Provident policy does not include an uninsured/underinsured vehicle owned by the named insured, so the policy provides no uninsured motorist coverage to McBride.

10. On or about February 23, 1986, an answer was filed in the Provident case on behalf of McBride, along with an

---

1. It is conceded that if the Provident policy provides twenty thousand dollars of liability coverage, no more no less, the Atlanta Casualty policy comes in to the extent of its limits before the uninsured/underinsured issue arises.

answer to the Motion for Summary Judgment, a Motion for Summary Judgment on behalf of McBride and a Memorandum of Law. In her answer to the Motion for Summary Judgment, McBride responds that the liability coverage exclusion endorsement is invalid, that it is invalid to the extent of the one hundred thousand dollar policy limit, and that McBride is entitled to benefits under the Provident policy.

11.  On or about April 3, 1986, an answer in the Provident case was filed on behalf of Atlanta. It is the contention of Atlanta that the Provident policy provides primary liability coverage for bodily injuries up to its full policy limits of $100,000.

12.  No answer was filed in the Provident case by Jones.

13.  On June 26, 1986, the Honorable Leonard S. Jacobson issued a Memorandum Opinion in the Provident case and ruled that Provident policy provides coverage up to full limits of one hundred thousand dollars under its liability provisions to Jones.

14.  The lower court did not rule on the issue of uninsured motorist coverage. The parties signing this Statement of the Case are in agreement that a ruling by this Court will serve to avoid the potential expense and delay of another appeal to this Court.

15.  The following two issues are to be presented by appellant to this Court on this expedited appeal:

1.  May a compulsory automobile liability insurance policy issued in this State validly exclude claims for bodily injury to the named insured from the optional coverage which is over and above the mandatory coverage required by statute?

2.  May a compulsory automobile liability insurance policy issued in this State validly exclude uninsured motorist benefits to the named insured for injuries alleged to be incurred while riding in an uninsured vehicle owned by that named insured?

16.  The parties are in agreement that the first issue is presently before the Court of Appeals in *State Farm*

*Mutual Automobile Insurance Company v. Nationwide Mutual Insurance Company, et al.*

## The Liability Coverage

■ On November 7, 1986, the Court of Appeals decided *State Farm Mutual Automobile Insurance Company v. Nationwide Mutual Insurance Company, et al.,* 307 Md. 631, 516 A.2d 586 (1986). The Court held that an insurance policy issued to comply with Maryland's compulsory automobile liability insurance law, embodied within Md. Code (1957, 1986 Repl. Vol.), Article 48A, §§ 538 through 547A, and Md. Code (1977, 1984 Repl. Vol., 1986 Supp.), §§ 17–101 through 17–110 of the Transportation Article, may validly exclude claims for bodily injury to the named insured from the optional coverage which is over and above the mandatory coverage required by law. Thus, the first issue presented in this appeal has been resolved in favor of the appellant, requiring reversal of the judgment entered below.

## The Uninsured Motorist Coverage

■ Since Provident's liability coverage is limited to the minimum amount of $20,000 under the compulsory automobile liability insurance law, then the $20,000 of excess liability coverage of Atlanta's policy to Jones applies. Because this $40,000 of liability insurance coverage is less than the $100,000 limit of the uninsured motorist coverage purchased by McBride from Provident, she would be entitled to the $60,000 of coverage by which Jones was underinsured unless that coverage is barred by the express exclusion from Provident's uninsured motorist coverage which stated:

'[U]ninsured motor vehicle' does not include any vehicle or equipment:

1. Owned or furnished or available for your regular use.

Preliminarily, we must decide whether we should address this issue. Although the issue was clearly presented to the trial court by the parties, it was not addressed by the court

in light of its resolution of the liability coverage question. Since there is no dispute between the parties as to the facts on which the issue will be resolved on remand, we believe this is an appropriate instance for the exercise of our discretion under Rule 1085 [2] to address an issue not decided by the trial court in order to avoid the expense of another appeal to this Court. *Aetna Cas. & Sur. Co. v. Brethren Mut. Ins. Co.*, 38 Md.App. 197, 214, 379 A.2d 1234 (1977), *cert. denied*, 282 Md. 730 (1978).

In Maryland, every automobile liability insurance policy must provide "uninsured motorist" (UM) coverage. Md. Code (1957, 1986 Repl. Vol.), Article 48A, § 541(c). Section 541(c)(2) provides in pertinent part:

> In addition to any other coverage required by this subtitle, every policy of motor vehicle liability insurance issued, sold, or delivered in this State after July 1, 1975 shall contain coverage, in at least the amounts required under Title 17 of the Transportation Article, for damages which the insured is entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injuries sustained in an accident arising out of the ownership, maintenance, or use of such uninsured motor vehicle. There shall be available to the insured the opportunity to contract for higher amounts than those provided under Title 17 of the Transportation Article if these amounts do not exceed the amounts of the motor vehicle liability coverage provided by the policy. The coverage

---

**2.** Md. Rule 1085—

This Court will not ordinarily decide any point or question which does not plainly appear by the record to have been tried and decided by the lower court; but where a point or question of law was presented to the lower court and a decision of such point or question of law by this Court is necessary or desirable for the guidance of the lower court or to avoid the expense and delay of another appeal to this Court, such point or question of law may be decided by this Court even though not decided by the lower court. Where jurisdiction cannot be conferred on the Court by waiver or consent of the parties, a question as to the jurisdiction of the lower court may be raised and decided in this Court whether or not raised and decided in the lower court.

required under this subsection (c) shall be in such form and subject to such conditions as may be approved by the Commissioner of Insurance. Any provision in any policy of motor vehicle liability insurance issued after July 1, 1975, with respect to the coverage provided for damages sustained by the insured as a result of the operation of an uninsured motor vehicle, which commands or requires the submission of any dispute between the insured and the insurer to binding arbitration, is prohibited and shall be of no legal force or effect. In no case shall the uninsured motorist coverage be less than the coverage afforded a qualified person under Article 48A, §§ 243H and 243–I. However, the insurer may exclude from coverage benefits for:

(i) The named insured or members of his family residing in the household when occupying, or struck as a pedestrian by, an uninsured motor vehicle that is owned by the named insured or a member of his immediate family residing in his household. . . .

Under the above quoted exclusion in the Provident policy, no UM coverage was extended to an automobile owned by McBride, the named insured. This exclusion was specifically authorized by § 541(c)(2)(i). Hence, the appellant asserts that McBride cannot benefit from the UM coverage provided by the policy it issued to her. Responding, McBride argues that the recognized primary purpose of mandatory UM coverage is to assure financial compensation to the innocent victims of motor vehicle accidents who are unable to recover from financially irresponsible uninsured motorists, *Pennsylvania Nat'l Mut. v. Gartelman*, 288 Md. 151, 157, 416 A.2d 734 (1980), and that the statute requiring this coverage "dictates a liberal construction in order to promote its purpose of assuring recovery for innocent victims of motor vehicle accidents." *State Farm v. Md. Auto. Ins. Fund*, 277 Md. 602, 605, 356 A.2d 560 (1976). We believe that McBride's reliance on these cases is misplaced.

*Pennsylvania Nat'l Mut. v. Gartelman, supra*, involved a policy endorsement to the compulsory UM coverage which

provided that the insurance did not apply to bodily injury to an insured while occupying a vehicle owned by the named insured or any relative resident in the same household. The insured under that policy was injured while operating an uninsured vehicle owned by her husband with whom she resided. The statute compelling UM coverage then in effect permitted an exclusion from UM coverage for any insured who at the time of the accident was "operating or riding in an uninsured motor vehicle owned by him." The Court held that the policy endorsement excluding coverage for a vehicle owned by the insured's husband conflicted with the authorized exclusions from compulsory UM coverage required by the statute and was therefore invalid. And in *State Farm v. Md. Auto. Ins. Fund, supra,* the Court held that a policy providing compulsory UM insurance which required, as a prerequisite to coverage, that there by physical contact between the insured and the unidentified vehicle causing the insured's injury was contrary to the statutorily permissive exclusions from UM coverage. In each of these cases the Court of Appeals reasoned that the policy exclusion from UM coverage in question was not authorized by the legislative design of this compulsory coverage. In the case *sub judice* quite the contrary situation is presented. In Art. 48A, § 541(c)(2)(i) the General Assembly has unambiguously permitted an insurer to exclude from UM coverage "[t]he named insured ... when occupying, ... an uninsured motor vehicle that is owned by the named insured...." Given such statutory language, we are not at liberty to insert or delete words to ascertain a legislative intention different from its clear meaning. *Jones v. State,* 304 Md. 216, 220, 498 A.2d 622 (1985). Plainly, Provident acted upon that authorization in providing UM coverage to McBride which excluded coverage for an uninsured motor vehicle "owned or furnished or available for ... regular use" by McBride. Consequently, we hold that McBride was excluded from UM coverage under Provident's policy.

JUDGMENT REVERSED;

CASE REMANDED FOR ENTRY OF A DECLARATION CONSISTENT WITH THIS OPINION.

COSTS TO BE DIVIDED BETWEEN THE APPELLANT AND THE APPELLEES.