Cecil HILL, Appellant,

v.

MARYLAND CASUALTY
COMPANY, Appellee.

No. 91–CV–685.

District of Columbia Court of Appeals.

Argued Jan. 28, 1993.

Decided Feb. 23, 1993.

Mark Gore, Washington, DC, for appellant.

Keith Bonner, Washington, DC, for appellee.

Before FERREN, FARRELL, and KING, Associate Judges.

KING, Associate Judge:

Appellant, plaintiff below, appeals the trial court's grant of summary judgment for appellee and the subsequent denial of his Motion for Reconsideration. In so ruling, the trial court held that appellant's uninsured motorist coverage for his personal vehicle did not extend to include like coverage when he was driving his taxicab. Finding no error, we affirm.

The operative facts are not in dispute. On November 8, 1986, the appellant ("insured") was driving his taxicab in the District of Columbia. The taxicab collided with an automobile driven by Christina Hula, an uninsured motorist, and appellant claimed he sustained physical injuries as a result of the collision. At the time of the accident the taxicab was insured by First Washington, and appellant's personal automobile was insured by the appellee, Maryland Casualty Company ("insurer"). The personal automobile policy included an uninsured motorist provision which by its terms applied only to appellant's personal "covered" vehicle. The taxicab insurance policy, however, did not provide any uninsured motorist coverage.[1] Appellant submitted a claim to Maryland Casualty, under the uninsured motorist provision of the policy on his personal vehicle, for the injuries received while operating his taxicab. Maryland Casualty denied coverage relying on the following contract provision:

> We do not provide Uninsured Motorist Coverage for "bodily injury" sustained by any person:
>
> 1. While "occupying" or when struck by, any motor vehicle owned by you or any "family member" which is not insured for this coverage under this policy.

This provision is found in Part C—Uninsured Motorist Coverage, Exclusions, A.1 of the personal vehicle policy.

During the hearing on appellee's motion for summary judgment, and appellant's cross motion for summary judgment, appellee also argued that section A.3 of the

---

1. Taxicabs are exempt from the requirements of D.C.Code § 35–2104 (1988), which compels insurers to offer uninsured motorist protection and underinsured motor vehicle coverage. *See* D.C.Code § 35–2106(a)(1)(D) (1988).

Exclusions provision barred recovery. Section A.3 provides that coverage is not extended to a personal "covered" vehicle, insured with Maryland Casualty, when it is "being used to carry persons or property for a fee." In essence, this provision, if valid, denies coverage when the insured vehicle is being used as a taxicab.

In reviewing the language of the insurance policy, we note that it clearly and unambiguously states that uninsured motorist coverage is not provided to a person when occupying a vehicle not insured by "this policy." [2] And the only vehicle insured by "this policy" was appellant's personal vehicle.

Appellant claims that this insurance coverage is personal to him as the insured and "travels wherever he goes," and that the language in the policy that purports to deny coverage violates applicable statutory provisions. He contends that "the purpose of [the uninsured motorist provision] is ... to provide protection to innocent victims of motor vehicle accidents, rather than the protection of insurance companies from alleging unascertainable risks." He recognizes that there is no case authority in this jurisdiction on this issue and relies on *Jeanes v. Nationwide Ins. Co.*, 532 A.2d 595, 596–99 (Del.Ch.1987), which held that uninsured motorist coverage is personal and travels with the insured "wherever he goes...." We conclude that this authority should not be followed for several reasons.

First, we choose to follow the Maryland Court of Special Appeals which, in interpreting that state's uninsured motorist statute, in a case involving an insurance policy similar to the one at issue here, reached an opposite conclusion. It held that a motor vehicle insurance policy may exclude coverage for injury that occurs when an insured uses any vehicle owned by a family member, residing in the same household, that is not insured for uninsured motorist coverage.[3] *Powell v. State Farm Mut. Auto. Ins. Co.*, 86 Md.App. 98, 585 A.2d 286 (1991); *see also Provident Gen. Ins. Co. v. McBride*,. 69 Md.App. 497, 518 A.2d 468 (1986) (insurance policy excluding coverage for vehicles owned, but not covered under policy is consistent with uninsured motorist provision).

In *Powell*, the policy holder was seeking to recover under the uninsured motorist provision of the policy applicable to his own vehicle for damages from a collision when he was driving his wife's vehicle which had a separate policy (with uninsured motorist coverage for a lesser amount) with the same insurer who provided the policy on his own vehicle. The policy on the husband's vehicle contained an exclusion provision which is nearly identical to the one found in the policy at issue in this case, *i.e.*, a provision denying coverage to an insured individual "while occupying ... a motor vehicle owned by you, your spouse ... and which is not insured under the liability coverage of this policy." The Maryland Code provides that an insurance company may exclude uninsured motorist coverage benefits for vehicles not covered by the insurer. The court reviewed the provision to determine whether this statutory exclusionary language conflicted with the policy purposes of the statute and found that permitting this exclusion "encourage[s] families to obtain coverage for *all* of their vehicles and thus maximize[s] compliance with the purpose of the statute." *Powell, supra*, 585 A.2d at 291. In reaching its decision, the court observed that it could find no prior case voiding a provision that excludes uninsured motorist coverage for a vehicle

---

**2.** The policy provision that limits coverage to the specified vehicle does not appear to conflict with the uninsured motorist statute which provides that "[e]ach insurer selling motor vehicle insurance in the District *with respect to any motor vehicle* registered or principally garaged in the District shall include coverage...." D.C.Code § 35–2106(f)(2) (1988) (emphasis added). The statute appears to permit insurers to provide coverage that follows the vehicle, not the person.

**3.** We have held that when "there are no District cases squarely on point, ... [and] [i]n the absence of appellate or other authority in this jurisdiction," this court may give Maryland law special attention because the District "was carved out of Maryland and derives its common law from that State." *Walker v. Independence Fed. Sav. & Loan Ass'n*, 555 A.2d 1019, 1022 (D.C.1989).

owned by the insured which is not insured under the policy. *Id.* at 290.

Second, we follow the Maryland cases because that state's statutory scheme is similar to the District's in that it also permits an exemption from uninsured motorist coverage for taxicabs. The Delaware statute, construed in *Jeanes,* contains no such exemption. Since section A.3 of appellant's policy with appellee bars coverage for any vehicle used to carry persons for a fee, coverage would not extend to appellant while operating his taxicab.

Appellant is attempting to piggyback his insurance coverage from his personal vehicle to his taxicab. We conclude that he may not do so under the policy applicable here. If he is driving in a motor vehicle owned by him, but not insured by the company, the policy precludes coverage. If he is driving a motor vehicle insured by the company, but used as a taxicab (*i.e.,* for a fee), then his insurance policy also prevents coverage, which is consistent with the policy exempting insurers from providing uninsured motorist coverage for taxicabs. *See* D.C.Code § 35–2106(a)(1)(D) (1988) (exempting taxicabs from the requirement that uninsured motorist protection coverage be offered). Consequently, a taxicab driver may not force coverage on the insurer by the simple expedient of insuring his own personal vehicle for uninsured motorist coverage. Since the appellee's policy provisions are not in conflict with the statute, we are satisfied that the trial judge properly determined that there was "no genuine issue as to material fact" and appropriately granted a summary judgment in favor of the insurer. *See* Super.Ct.Civ.R. 56(c).

Accordingly, we affirm the judgment.