**Mario GONZALEZ, Appellant,**

v.

**MARYLAND AUTOMOBILE INSURANCE FUND, et al., Appellees.**

**No. 92–CV–542.**

District of Columbia Court of Appeals.

Argued June 8, 1993.

Decided July 15, 1993.

Harry Goldwater, Washington, DC, for appellant.

James R. Schraf, Washington, DC, for appellees.

Before TERRY and WAGNER, Associate Judges, and KERN, Senior Judge.

KERN, Senior Judge:

The parties to this appeal dispute the extent of coverage by an auto insurance policy appellant held with appellee, Maryland Automobile Insurance Fund (MAIF). Appellant and appellee filed cross-motions for summary judgment and the trial court ruled in favor of appellee. We affirm.

The essential facts are not in dispute. Appellant owned two vehicles, a taxicab and a Jeep. He insured the Jeep with MAIF and the cab with an insurance company in the District of Columbia when it was registered. The particular kind of insurance he carried for each vehicle differed. He had insured his Jeep against any loss, among others, he might sustain from damages inflicted by an uninsured driver. However, he carried only liability insurance on the taxi.

In June 1990, appellant, while driving his taxi in the District, was struck by another vehicle owned by Mr. Maye and driven by Ms. Barnes. Neither of them carried any insurance, and appellant sustained injuries from the accident. The declarations page of the insurance policy appellant carried with appellee lists his Jeep as the only insured vehicle. Therefore, when appellant suffered bodily injury while occupying his taxicab, he was in an uninsured motor vehicle, and thus is excluded by the unambigu-

ous language of his insurance policy with appellee from making a claim.

■ The parties agreed in the trial court that Maryland law governed this proceeding. MAIF argued, and the trial court agreed, that *Powell v. State Farm Mutual Automobile Ins. Co.*, 86 Md.App. 98, 585 A.2d 286 (1991), was decisive. There, the Court of Special Appeals of Maryland was presented with the following facts. A husband and a wife each owned an auto and insured both with State Farm Insurance Company (State Farm). Both policies provided insurance against injury by an uninsured motorist but differed in the amount of such insurance coverage. The husband had an accident while driving the wife's car which had the *lesser* amount of uninsured motorist coverage. He sought a declaratory judgment that the particular coverage State Farm provided on *his* car was applicable to the accident he had in his wife's car. The Maryland trial court rejected this argument.

On appeal, the Maryland Court of Special Appeals first concluded that by its own terms the particular policy covering the husband's auto did not apply to the wife's auto. The court then stated:

> We must therefore next determine whether the exclusion is void as contravening either the uninsured motorists ... provisions of [the Maryland Code], or the public policy which that statute promotes.

585 A.2d at 288. The court held, *id.* at 289, that the exclusionary language of the policy was *not* contrary to the public policy of the applicable statute. The court noted:

> The obvious purpose of the policy exclusion as to uninsured vehicles is to prohibit a person from purchasing insurance for one car only and utilizing that coverage as to other vehicles owned by the insured through the "in any accident" provision of the policy. This type of prohibition is not against public policy.

To apply its language as the appellant urges would invite multi-vehicle families to insure only one vehicle. It would play havoc with premium determinations and otherwise be detrimental to the process of providing liability protection to the motorists, and others, of Maryland. Appellant's interpretation ... if adopted, would be, as we see it, contrary to public policy.

*Id.* at 290.

We note that subsequent to the decision in *Powell, supra,* 585 A.2d at 286, this court in *Hill v. Maryland Casualty Co.*, 620 A.2d 1336 (D.C.1993), was confronted with a factual situation similar to that in the instant case. The plaintiff in *Hill* brought action against his insurer, seeking to recover uninsured motorist benefits for injuries he sustained while operating his taxicab. The insurance on his taxi did not provide insurance against an uninsured motorist, but he did carry such insurance on his personal auto. This court affirmed the decision of the trial court, concluding that appellant may not "piggyback his insurance coverage from his personal vehicle to his taxicab." *Id.* at 1338. In other words, appellant's uninsured motorist coverage on his personal vehicle, which he was *not* driving at the time of his accident, did not extend to include similar coverage to his taxicab. *Id.* at 1336, 1338.

■ Appellant contends that *Powell* and *Hill* are not dispositive of this case because the so-called "household exclusion" clause in his policy is void as contrary to public policy in Maryland.[1] We note that appellant's MAIF insurance policy expressly provided in pertinent part that "This insurance does not apply ... to bodily injury to an Insured while occupying ... an uninsured motor vehicle [i.e., his taxicab] owned by the Named Insured or a member of his immediate family residing in [the] household."

---

**1.** He also cites *Jennings v. Government Employees Ins. Co.*, 302 Md. 352, 488 A.2d 166 (1985), and *State Farm Mutual Automobile Ins. Co. v. Nationwide Mutual Ins. Co.*, 307 Md. 631, 516 A.2d 586 (1986). Appellant's reliance on both of these cases, however, is misplaced because each case concerned automobile *liability insurance* coverage rather than *uninsured motorist* coverage.

The *Powell* decision specifically addressed the public policy issue appellant raises and upheld the exclusion for bodily injury to an insured while occupying a motor vehicle owned by the insured, but not listed on his policy. *Powell, supra,* 585 A.2d at 287. In interpreting the Maryland statute in light of public policy, the court in *Powell* defined "the 'insured motor vehicle' [as] the vehicle named in the policy. The statute requires coverage when the 'insured motor vehicle' is involved in an accident irrespective of who is driving it." *Id.* at 287. The Maryland court reasoned that the statute permits an insurer to exclude coverage for an insured who is injured while operating a vehicle that the insurer has not specifically covered in his insurance policy. "While it might make otherwise uninsured persons insured, as to non-family vehicles, it does not enlarge the description of insured vehicles as described in the policy." *Id.* at 290.

Similarly, in *Hill,* this court concluded that an insured may not "piggyback his insurance coverage from his personal vehicle to his taxicab." *Hill, supra,* 620 A.2d at 1338. The policy provision at issue in *Hill* excluded uninsured motorist coverage for bodily injury sustained by any person "[w]hile 'occupying' or when struck by, any motor vehicle owned by you or any 'family member' which is not insured for this coverage under this policy." *Id.* at 1336. The appellant in *Hill,* like the appellant in the instant case, claimed that the insurance coverage was personal to him as the insured and "travels wherever he goes, and that the language in the policy that purports to deny coverage violates applicable statutory provisions." *Id.* at 1337. Relying on the reasoning of Powell, this court concluded in *Hill* that an insurance company may exclude uninsured motorist coverage benefits for vehicles not covered by the insurer. *Id.*[2]

In the instant case, as in *Powell,* the uninsured motorist coverage included in appellant's policy did not list the vehicle involved in the accident, i.e., the taxicab, on the declarations page of the policy. An insured vehicle under appellant's policy is defined as a vehicle "registered in Maryland which is designated in the Declarations of the policy...." Accordingly, under the reasoning of the *Powell* court, the exclusion from appellant's MAIF policy of his taxi is not contrary to public policy and thus applies. "To permit such an exclusion will encourage families to obtain coverage for *all* of their vehicles and thus maximize compliance with the purpose of the statute." *Id.* 585 A.2d at 291.

Accordingly, we agree with the trial court's denial of appellant's motions on grounds that the "household exclusion" clause is not void as against public policy in Maryland. *See Powell,* 585 A.2d at 294.

*Affirmed.*

---

**2.** The insurance policy in the *Hill* case contained a provision permitting an exclusion if the insured drives a motor vehicle insured by the company, but uses it as a taxicab for a fee. *Id.* at 1338. This language provided an additional reason to uphold the exclusion. As explained in the *Hill* case, we chose to follow the reasoning of *Powell* where a motor vehicle insurance policy may exclude coverage when an insured uses a vehicle not insured for uninsured motorist coverage. *Id.* at 1337.