Anthony TOWNSEND, Appellant,

v.

Mary Nelson WALDO, et al., Appellees.

No. 92–CV–1325.

District of Columbia Court of Appeals.

Submitted Dec. 10, 1993.

Decided April 11, 1994.

---

186

Nicholas S. Nunzio, Jr., Washington, DC, was on the brief, for appellant.

John L. Ridge, Jr., Washington, DC, was on the brief, for appellees.

Before FERREN, Acting Chief Judge,* and STEADMAN, Associate Judge, and GALLAGHER, Senior Judge.

GALLAGHER, Senior Judge.

Appellant seeks reversal of summary judgment denying his claim for uninsured motorist benefits against appellee, Nationwide Mutual Insurance Company (Nationwide). The trial court held that the uninsured motorist provision precluded appellant from recovering such benefits as he was operating his moped, a motor vehicle which was not listed in the policy at the time of the accident. Finding no error, we affirm.

## I.

The essential facts are not in dispute. On March 25, 1985, while driving his moped in the District of Columbia, appellant collided with an automobile driven by Mary Nelson Waldo, an uninsured motorist. At the time of the accident, appellant lived with his sister, Ms. Charman Taylor, whose personal vehicle was insured by appellee Nationwide. Ms. Taylor's auto insurance policy extended to relatives who lived in her household. After receiving personal injury protection benefits from appellee Nationwide, appellant filed a claim for uninsured motorist benefits which was subsequently denied by appellee. Appellee relied upon the following policy provision in its denial of appellant's claim:

**COVERAGE EXCLUSIONS.**

Coverage does not apply: ... 4. To you or your relatives living in your household while occupying a motor vehicle (other than a motor vehicle insured for Uninsured Motorists or Underinsured Motorists Coverage under this policy) owned by you or such relatives....

This provision is found in Section I—Uninsured Motorist Coverage, Coverage Exclusions of the personal vehicle policy.

Appellant filed suit against the Waldos [1] and appellee Nationwide in the Superior Court. Appellant claimed Nationwide breached its contract by denying his claim for uninsured motorist benefits. In response, Nationwide filed a motion for summary judgment claiming that appellant was not entitled to such benefits pursuant to the above coverage exclusion provision. The trial court concluded that the exclusion provision clearly precluded appellant from recovery and granted Nationwide's motion for summary judgment. Appellant contends that the trial court erred as the policy's exclusion provision relates to motor vehicles and the Compulsory/No-Fault Motor Vehicle Insurance Act of 1982 (No-Fault Act) [2] specifically excludes motorcycles [3] from its "mo-

---

* *Judge* FERREN was an *Associate Judge* of this court at the time this case was submitted. His status changed to *Acting Chief Judge* on March 18, 1994.

1. Appellant obtained a default judgment against the Waldos based on his negligence claim.

2. D.C.Code §§ 35-2101 *et seq.* (1984 Supp.). Since appellant's accident occurred in 1985, we refer to the 1984 version of the No-Fault Act.

3. D.C.Code § 35-2102(16) (1984 Supp.). Although the No-Fault Act does not expressly refer to mopeds, the term "motorcycle" has been recognized as including a moped or motorized bicycle for purposes of this statute. *See generally Coleman v. Cumis Ins. Soc'y, Inc.*, 558 A.2d 1169, 1172 (D.C.1989) (citing Report of the Committee on Public Services and Consumer Affairs, Council for the District of Columbia, on Bill 4-140, February 16, 1982, Attachment 1 at Section 4(a)); *see also United States v. Stancil*, 422 A.2d 1285, 1287 (D.C.1980) (moped is a subspecies of the category of motor vehicles known as motorcycles).

tor vehicle" definition; and that therefore, the statutory definition of "motor vehicle" is controlling and the exclusion provision relied upon by Nationwide is against public policy as applied to appellant's case.

## II.

Summary judgment is appropriate when there are no material facts in dispute and it is clear that the moving party is entitled to judgment as a matter of law. Super.Ct.Civ.R. 56(c) (1993). Once a moving party makes an initial showing, the opposing party must demonstrate that there is a genuine issue for trial. *Smith v. WMATA*, 631 A.2d 387, 390 (D.C.1993). " 'The requisite showing of a genuine issue for trial is predicated upon the existence of a legal theory which remains viable under the asserted version of the facts.' " *Lee v. Jones*, 632 A.2d 113, 115 (D.C.1993) (quoting *Smith, supra*, 631 A.2d at 390). In determining whether a trial court's grant of a summary judgment motion was appropriate, this court conducts an independent review of the record. *Id.*

■ From this standpoint, we turn to the coverage exclusion provision of the insurance policy which was relied upon by the trial court in granting appellee's summary judgment motion. Initially, we note that the policy clearly states that uninsured motorist coverage is not provided to a person who occupies a motor vehicle which is owned by the insured or household relative, but not covered under the policy. The policy defines "motor vehicle" as a "land motor vehicle designed to be driven on public roads." Under the policy's definition, it would appear that appellant's moped is a motor vehicle and therefore, the coverage exclusion provision is enforceable against him. However, appellant asserts that the No–Fault Act's motor vehicle definition bars appellee Nationwide from applying its coverage exclusion provision to his moped. Appellant does not challenge the proposition that under the policy's definition, appellant's moped is a motor vehicle and therefore the coverage exclusion provision by its terms excludes him from coverage.

The statutory "motor vehicle" definition provides that

> The term "motor vehicle" means any device propelled by an internal combustion engine, electricity, or steam ... [and] *does not include a motorcycle.*

D.C.Code § 35–2102(17) (1984 Supp.) (emphasis supplied).

While appellant is correct that motorcycles are not included in the No–Fault Act's motor vehicle definition, it does not follow that a motorcycle or moped is not a motor vehicle under an auto insurance policy which conditions an insured's ability to recover uninsured motorist benefits pursuant to the policy. *See generally Gonzalez v. Maryland Auto. Ins. Fund*, 628 A.2d 101 (D.C.1993) (insurance company's uninsured motorist coverage exclusion provision upheld); *National Union Fire Ins. Co. v. Binker*, 665 F.Supp. 35, 38 (D.D.C.1987) (insurance policy's contact requirement is not violative of public policy of the District of Columbia).

Appellant's reliance on *Coleman v. Cumis Ins. Soc'y, Inc., supra* note 3, 558 A.2d at 1174, is inappropriate under these facts. In *Coleman*, this court held that motorcycles were excluded from the No–Fault Act's "motor vehicle" definition and therefore, motorcyclists were exempt from the mandatory insurance requirements for motor vehicles and were eligible to receive statutory personal injury protection benefits. *Id.* However, the court in *Coleman* was not presented with the issue of whether an insurer would be required to provide uninsured motorist coverage for a motorcycle or moped when the insurer specifically limits such coverage to insured vehicles and a motorcycle or moped qualifies as a "motor vehicle" under the policy's "motor vehicle" definition.

In view of this distinction, we are instead guided by the principles set forth in *Hill v. Maryland Casualty Co.*, 620 A.2d 1336 (D.C. 1993),[4] in order to resolve the issue properly before us in this case. In *Hill*, the plaintiff claimed he was entitled to uninsured motorist benefits under the insurance policy on his

---

**4.** Although *Hill* involved a plaintiff who was driving a taxicab, we recognize that in addition to motorcycles, the Council allowed an exemption from uninsured motorist coverage for taxicabs as well. D.C.Code § 35–2111(e) (1984 Supp.); *see also Hill, supra*, 620 A.2d at 1338.

personal vehicle with respect to injuries he sustained in an accident while operating his taxicab. *Id.* Similarly, the contested policy provision in *Hill* indicated that uninsured motorist coverage is not provided to a person while occupying a vehicle not insured by the policy. *Id.* at 1337. The policy also provided that such coverage would not extend to a vehicle being used as a taxicab. *Id.* As in the case before us, the plaintiff in *Hill* contended that the policy provision denying coverage violated the uninsured motorist statute and that uninsured motorist coverage follows the person and not the vehicle. *Id.* These contentions were not found to be persuasive in *Hill* and appellant's claims in the instant case provide us with no basis to conclude differently.

 In following the reasoning of the Maryland Court of Special Appeals in *Powell v. State Farm Mut. Auto. Ins. Co.*, 86 Md.App. 98, 585 A.2d 286 (1991), this court agreed that an insurance company may "exclude [in its policy a] coverage for injury that occurs when an insured uses any vehicle owned by a family member, residing in the same household, that is *not insured for uninsured motorist* coverage." *Hill, supra,* 620 A.2d at 1337 (footnote omitted). Moreover, this court concluded in *Hill* that such a policy provision was not in conflict with the uninsured motorist statute and that the plaintiff could not "piggyback his insurance coverage from his personal vehicle to his taxicab." *Id.* at 1337–38. Recognizing that the same rationale holds true for appellant's case and in the absence of any claim that appellant was precluded from obtaining uninsured motorist coverage for his moped from appellee Nationwide,[5] we reject his claim that the coverage exclusion provision violates public policy.

In reviewing appellant's claim for uninsured benefits pursuant to the insurance policy issued by appellee Nationwide, we agree with the trial court's conclusion that the

moped's qualification as a motor vehicle under the policy is not invalidated by the statute. Given appellant's concession that he owned the moped at the time of the accident, that he was driving the moped when he collided with the other vehicle, and that the moped was not listed on the insurance policy, appellant was not entitled to uninsured benefits because of the specific coverage exclusion provision in the policy. Accordingly, the trial court's grant of Nationwide's motion for summary judgment is

*Affirmed.*

---

5. We find no merit to appellant's claim that motorcycles and mopeds are not insurable pursuant to the No–Fault Act in light of the fact that "[a]n insurer authorized to sell motor vehicle insurance in the District shall not refuse to sell or offer to sell personal injury protection insurance, and any liability policies described in this section, to the owner of any motorcycle."

D.C.Code § 35–2106(a)(3) (1984 Supp.). However that provision may be interpreted, the inclusion of motorcycles *vel non* within mandated coverage is no more relevant to the determination of the issue before us than it was in *Hill* with respect to taxicabs, which plainly were not included within such mandated coverage. *Hill, supra,* 620 A.2d at 1336 n. 1.