35 F.3d 557
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Karen TAYLOR, Plaintiff-Appellee,
v.
John LOPEZ, Defendant-Appellant,
United States of America, Party in Interest-Appellee.
 No. 93-2402.
 United States Court of Appeals, Fourth Circuit.
 Aug. 18, 1994.
Argued June 6, 1994.
Decided August 18, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. T. S. Ellis, III, District Judge. (CA-93-1093-A)
 John Crow Duncan, III, Duncan & Hopkins, P.C., Alexandria, VA, for appellant. David Hugh White, Alexandria, VA; Rebeca Olivia Hidalgo, Asst. U.S. Atty., Alexandria, VA, for appellee. On brief: William S. Sands, Jr., Duncan & Hopkins, P.C., Alexandria, VAa; Gary Simpson, Bethesda, MD, for appellant.
 Helen F. Fahey, U.S. Atty, Alexandria, VA, for appellee.
 E.D.Va.
 REVERSED AND REMANDED.
 Before POWELL, Associate Justice (Retired), United States Supreme Court, sitting by designation, and HALL and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 John Lopez, a federal employee, appeals the district court's order (1) denying his motion to substitute the United States as defendant in this tort action brought against him by Karen Taylor and (2) granting the government's motion to remand the case to state court. We hold that the district court erred in ruling that the injury alleged by Taylor did not occur in the course of Lopez's employment, and we reverse and remand with directions to substitute the United States as defendant. We also reverse that portion of the order remanding the case to state court.
 
 
 2
 * Taylor worked for a private security firm, AM-PRO, at the United States Department of Energy (DOE) building in the District of Columbia. Lopez was a budget analyst for DOE. On Sunday morning, August 25, 1991, Lopez came to work and parked in the underground parking garage at DOE. Taylor was working that morning at the security desk. Though his security badge said "John Lopez," he signed in as "Jack Lopez." Taylor told him that this was not in compliance with weekend sign-in procedures, and a disagreement ensued but was left unresolved. Lopez left for his office for a few hours of work, and Taylor reported the incident to her superior.
 
 
 3
 As Lopez was signing out before leaving to go home, Taylor, who was still working the security desk, confronted him about that morning's dispute. Although Lopez signed out as "John," Taylor continued to complain. Lopez walked off and entered his vehicle. Taylor tried to block his path as he tried to leave the garage,[1] and he attempted to drive around her. Taylor claims that she was injured as she was struck by Lopez's rear view mirror.
 
 
 4
 Taylor filed this negligence action[2] against Lopez in Virginia state court; both parties are residents of Virginia. Lopez filed a "plea in bar" asserting that he was immune from suit because he was acting within the scope of his federal employment at the time of the alleged injury to Taylor. Under the Westfall Act, 28 U.S.C.Sec. 2679(b) and (d), such a suit must be brought against the United States.
 
 
 5
 Lopez petitioned the United States Attorney General to certify that he was acting within the scope of his employment when the alleged injury occurred, and the action was removed to federal court by the Attorney General for the scope-certification process. 28 U.S.C. Sec. 2679(d)(3). The Attorney General subsequently determined that Lopez was not acting within the scope of his employment, so Lopez petitioned the district court for the same relief. After a hearing, the district court also denied scope certification, and the action was remanded to the state court. Lopez appeals.[3]
 
 II
 
 6
 The scope of employment issue is determinable under the law of the District of Columbia. Johnson v. Carter, 983 F.2d 1316, 1322 (4th Cir.1993) (en banc) ("Whether an employee's action falls within the scope of his employment under the Westfall Act is to be determined according to the rules of respondeat superior of the state ... in which the wrongful act occurred."), cert. denied, 114 S.Ct. 57 (1993). Inasmuch as there is no dispute about the essential facts, the issue on appeal is a legal one, and our review is de novo. See Nietert v. Overby, 816 F.2d 1464, 1466 (10th Cir.1987).
 
 
 7
 The government contends, and the district court agreed, that Lopez was "going home" and that his service to his employer had come to an end by the time he allegedly struck Taylor with his car. As a general rule, an action constituting the alleged tort must have been actuated, at least in part, by a purpose to further the employer's business in order to come within the scope of employment. See, e.g., Guzel v. State of Kuwait, 818 F.Supp. 6, 10 (D.D.C.1993) (holding that rape of guest by hotel employee not within the scope of employment). In the context of commuting, "the general rule is that absent special circumstances, an employer will not be vicariously liable for the negligent conduct of his employee occurring while the employee is traveling to or from work." Dhanraj v. Potomac Electric Power Co., 506 A.2d 224, 226 (Md.1986).[4] We do not, however, see how Lopez can be said to have started home yet when he was embroiled in an argument with his employer's agent about even getting out of the garage. In our view, he was still at work when Taylor was allegedly injured.
 
 
 8
 Lopez's emphasis is on Johnson v. Weinberg, 434 A.2d 404 (D.C.1981), appeal after remand, 518 A.2d 985 (D.C.1986). In Weinberg, a laundromat employee shot a customer during a job-related dispute. The court held that the employee was acting within the scope of his employment if the shooting was done in part to further his employer's interests or was "the outgrowth of a job-related controversy, then the employer remains liable since the master and servant relationship is not broken." Id. at 408 (internal quotation omitted). We believe that the concept of job-related controversy is dispositive and that such concept applies with extra force in the context of an unintentional tort.
 
 
 9
 Had Taylor gone to Lopez's office after he had arrived at work that Sunday morning, had tried to block his exit from the office itself, and was injured when Lopez attempted to get by, it seems to be beyond question that he would have been acting within the scope of his employment. The situation in the garage is essentially no different. By conditioning ingress to and egress from its office building and parking garage on compliance with certain rules, Lopez's employer effectively expanded the workplace beyond the walls of his private office. Lopez could not get into or out of this workplace without going through security, and his employer's security force tried to keep him at the job site. He had not started commuting home yet in the sense that he was free of all job-related constraints, and the incident in question clearly arose out of a "job-related controversy." Taylor certainly conducted herself as though Lopez were still on the job, and properly so. The United States is the proper defendant in this action.
 
 
 10
 We reverse the order of the district court and remand with directions to substitute the United States as the defendant.[5]
 
 REVERSED AND REMANDED
 
 
 [1]
 Taylor asserted that she was "attempting to detain defendant on the premises when [she] was struck by defendant's vehicle." Response by Plaintiff to United States' Opposition to Defendant Lopez's Plea in Bar
 
 
 [2]
 An intentional tort claim was dismissed with prejudice by the state court on June 30, 1993. Lopez also filed a counterclaim asserting various state law causes of action against Taylor arising out of his arrest following the incident
 
 
 [3]
 Taylor also favors the substitution of the United States as defendant
 
 
 [4]
 No District of Columbia Court of Appeals case addresses the scope of employment issue in the context of commuting. In such cases, the District of Columbia courts look to Maryland common law for guidance. See Hill v. Maryland Casualty Co., 620 A.2d 1336, 1337 n. 3 (D.C.1993)
 
 
 [5]
 The Westfall Act imbues the district court with jurisdiction "consider[ ] the petition [for scope certification]." 28 U.S.C. Sec. 2679(d)(3). We have appellate jurisdiction to review the district court's scope ruling. Jamison v. Wiley, 14 F.3d 230 (4th Cir.1994). It necessarily follows that we have the requisite jurisdiction to review the remand order to which the predicate scope ruling is inextricably tied, particularly in light of the state court's lack of subject matter jurisdiction over the action after our substitution of the United States as defendant. See 28 U.S.C. Sec. 1346(b). Cf. Johnson v. Carter, 983 F.2d 1316 (directing district court to substitute the United States as defendant and to dismiss the case)