Philip and Katherine PIPHER,
Appellants,

v.

Dorothy ODELL, t/a Dorothy Odell Real
Estate, and Haig Ellian, and James T.
Stewart, Individually and t/a Associated
Land Title Group, Inc., Appellees.

No. 94–CV–430.

District of Columbia Court of Appeals.

Submitted June 15, 1995.
Decided March 21, 1996.

Paris A. Artis, Washington, DC, was on the brief, for appellants.

Raymond J. Sherbill and Stuart A. Schwager, Bethesda, MD, were on the brief, for appellee Dorothy Odell.

Haig Ellian, Chevy Chase, MD, filed a brief, pro se.

Before WAGNER, Chief Judge, RUIZ, Associate Judge, and GALLAGHER, Senior Judge.

GALLAGHER, Senior Judge:

This is an appeal from the trial court's grant of summary judgment in favor of appellee, Dorothy Odell. The Piphers (appellants) argue that neither *res judicata* nor collateral estoppel precludes their claims against appellee, and thus the trial court erred in granting summary judgment. We affirm in part and reverse in part.

On April 2, 1993, the Piphers filed a complaint against Odell, a real estate agent, and Haig Ellian, the Piphers' attorney, alleging misrepresentation, deceit and negligence regarding the sale of property to the Piphers. On July 23, 1993, Ellian moved to dismiss the case against him because he had not been served within 60 days of the filing of the complaint pursuant to Super.Ct.Civ.R. 4(j). On December 9, 1993, Odell moved for summary judgment arguing that the claims were precluded under *res judicata* and collateral estoppel. The trial court granted both motions on January 11, 1994, and denied the Piphers' motion for reconsideration on March 7, 1994.[1]

## I.

In April 1990, the Piphers bought a three-unit property located at 1818 S Street, Northwest, from Laurent Colliere, and

---

1. (a) Appellants also argue that appellee Ellian (an attorney) has not shown that he is entitled to summary judgment. The summary judgment order, however, is only applicable to appellee Odell. Appellants further claim that the trial court erred in dismissing the complaint against Ellian because Ellian failed to show that he was prejudiced by the Piphers' failure to serve him within 60 days. However, given that appellants failed to move for an extension of time to serve the complaint on Ellian, the burden of showing lack of prejudice shifted to them as the party failing to comply with the court's rules. Super.Ct.Civ.R. 41(b); *Bulin v. Stein*, 668 A.2d 810, 814–15 (D.C.1995). There is nothing in the record amounting to such a showing. Indeed, in appellants' motion for reconsideration of the granting of the dismissal motion, the word "prejudice," let alone averments concerning the lack thereof, is not even mentioned. Even in their brief to this court, appellants do not describe how Ellian would not have been prejudiced by the late service, instead relying erroneously on the notion that it was Ellian's burden to prove prejudice or that the matter was undisputed. Thus, there was no error in the trial court's dismissal of the complaint as to Ellian.

(b) Another attorney affiliated with the title company, James T. Stewart, as well as the title company itself, also appeared in the caption as defendants. However, neither was ever served and made a party to the lawsuit. Consequently, the finality of the litigation in the trial court was unaffected by the lack of final judgment as to Stewart or the land company. *See Snyder v. Laboy*, 291 A.2d 194 (D.C.1972); *Federal Sav. & Loan Ins. v. Tullos–Pierremont*, 894 F.2d 1469 (5th Cir.1990); *Insinga v. LaBella*, 817 F.2d 1469 (11th Cir.1987); *Bristol v. Fibreboard Corp.*, 789 F.2d 846 (10th Cir.1986); *Patchick v. Kensington Pub. Corp.*, 743 F.2d 675 (9th Cir.1984).

sought to evict the tenants. The tenants filed a complaint against the Piphers and Colliere claiming that they failed to give them the proper notice of the rental accommodation sale and their rights of first refusal to buy the property. The Piphers filed a cross-claim against Colliere alleging that he was liable to the Piphers for the apparent cloud on the title raised by the tenants. The Piphers further argued that if Colliere failed to give the proper notice to the tenants, the property would not have good and marketable title. Thus, they sought to rescind the sale of the property on the basis that there was a cloud on the title and to receive damages from Colliere, the seller. Colliere filed a cross-claim against the Piphers for indemnification.

The Piphers and Colliere moved for summary judgment against the tenants, claiming that they had been afforded all notices and rights due them under the Rental Housing Conversion and Sale Act of 1980, D.C.Code §§ 45–1601, *et seq.* (1990 Repl.). On August 27, 1991, the trial court granted summary judgment in favor of the Piphers and Colliere. The trial court specifically found that "there is no material fact in dispute concerning notice to plaintiffs ... of their right of first refusal." The trial court also dismissed the cross-claims against Colliere and the Piphers without prejudice, subject to reconsideration upon motion by either the Piphers or Colliere.

Later, in April 1993, the Piphers filed a complaint against Odell, the broker of Colliere, the seller, alleging that: (1) she misrepresented that the tenants had received the required notices and that the Piphers could take actual possession; (2) she knew or should have known that the tenants were "trouble tenants" and that there was rat infestation in the building and Odell should have warned them; and (3) she breached a duty to the Piphers "to insure that plaintiffs' purchase of the Property was free and clear of statutory 'tenant rights' and that there were no material problems which would affect their purchase and intended use of the

Property." The trial court granted summary judgment in favor of Odell, the broker, and affirmed its ruling in its denial of appellants' motion for reconsideration, noting that the issues raised were determined in the prior case against Colliere and the tenants and that "any liability relating thereto was resolved during the course of these case[s]. Accordingly, [the Piphers do] not have a basis to relitigate the issues of adequacy of notice or negligence in this case all issues are *res judicata.*" This appeal followed.[2]

## II.

 This court will affirm the grant of summary judgment if there are no genuine issues of material fact in dispute and "it is clear that the moving party is entitled to judgment as a matter of law." *Townsend v. Waldo,* 640 A.2d 185, 187 (D.C.1994). Once the moving party makes an initial showing that there are no genuine issues of material fact in dispute, the nonmoving party must demonstrate that there is a genuine issue for trial. *Id.* "The requisite showing of a genuine issue for trial is predicated upon the existence of a legal theory which remains viable under the asserted version of the facts." *Id.* (citation omitted). When reviewing an order of summary judgment, this court conducts an independent review of the record. *Id.*

 The trial court based its summary judgment order on *res judicata.* Under the doctrine of *res judicata* or claim preclusion, a final judgment on the merits "embodies all of a party's rights arising out of the transaction involved...." *Stutsman v. Kaiser Foundation Health Plan of the Mid–Atlantic States, Inc.,* 546 A.2d 367, 370 (D.C.1988). Thus, it precludes the relitigation in a subsequent proceeding "of all issues arising out of the same cause of action between the same parties or their privies, whether or not the issues were raised in the first trial." *Faulkner v. GEICO,* 618 A.2d 181, 183 (D.C.1992). "[A] judgment estops not only as to every ground of recovery or defense actually presented in the action, but also as to every

---

2. Because we uphold the grant of summary judgment under the theory of collateral estoppel, we will not address Odell's other argument that the statute of limitations bars the Piphers' claim of negligence.

ground which *might have been presented....*" *Henderson v. Snider Bros., Inc.,* 439 A.2d 481, 485 (D.C.1981) (en banc) (citation omitted) (emphasis added).

■ The cause of action in this case arose out of the real estate transaction between the Piphers, the buyers, and Colliere, the seller, and Odell, his broker. In the original suit, the Piphers filed a cross-claim against Colliere, which the trial court dismissed without prejudice. This court has held that a "dismissal without prejudice, by definition, does not bar a subsequent suit." *Thoubboron v. Ford Motor Co.,* 624 A.2d 1210, 1216 (D.C. 1993); *see Interdonato v. Interdonato,* 521 A.2d 1124, 1131 n. 11 (D.C.1987). Thus, the trial court erred in granting summary judgment against the Piphers on the theory of *res judicata* because a dismissal of a claim without prejudice does not bar a subsequent suit of issues arising out of the same cause of action.

■ Odell, however, in opposition to the Piphers' motion for summary judgment, also argued that collateral estoppel would bar any subsequent litigation. Collateral estoppel bars the subsequent relitigation of an issue that has previously been litigated before the court. *Ali Baba Co. v. WILCO, Inc.,* 482 A.2d 418, 421–22 (D.C.1984).

> When an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim.

*Id.* (quoting RESTATEMENT (SECOND) OF JUDGMENTS § 27 (1982)). "An issue is actually litigated when it 'is properly raised, by the pleadings or otherwise, and is submitted for determination, and is determined.'" *Id.* at 422 (citation omitted).

■ The issue of proper notice to the tenants of the sale to the Piphers was raised by the tenants, the Piphers, and Colliere in the earlier litigation. The trial court granted summary judgment in favor of the Piphers and Colliere noting that proper notice to the tenants had been given regarding the tenants' right of first refusal. This serves as a final adjudication of this issue.[3] Thus collateral estoppel (or issue preclusion) would prevent the Piphers from raising the issue again, as they sought to do in Count I and Count III of their complaint.[4]

### III.

Count II of the Piphers complaint alleges that "[d]efendant Odell ... knew of problems ... that were material to plaintiffs, including ... a rat infestation but failed to reveal the nature of known material problems to plaintiffs.... Defendant Odell had a duty to disclose the material problems related to the Property...." This issue has not been litigated, as conceded by appellee Odell, and thus collateral estoppel is not a proper ground to uphold summary judgment with respect to Count II of the Piphers' complaint. As noted earlier, however, this court, when reviewing an order of summary judgment, will conduct an independent review of the record and may affirm the trial court's grant of summary judgment on other grounds. *Townsend, supra,* 640 A.2d at 187; *Word v. Tiber Island Co-op. Homes, Inc.,* 491 A.2d 521, 523 n. 4 (D.C.1985).

In her motion for summary judgment, Odell noted that a termite and insect inspection of the property was conducted in the Piphers' presence and that the inspector failed to discover the presence of rats. The Piphers also conducted another inspection with a separate company which also failed to

---

3. The Piphers argue that this is not a final adjudication of the merits because the Piphers and the tenants had pending motions to reconsider the order granting summary judgment and dismissing the Piphers cross-claim against Colliere. We reject this claim because under Super.Ct.Civ.R. 60(b) (1995 Repl.), "[a] motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation."

4. The Piphers alleged in Count I of their complaint that the "[d]efendants represented that

they had provided the required notices and insured that the necessary action was taken to insure that the property would be purchased free of any statutory 'tenant rights,' ... [and that] said representation was in fact false...." Count III of the complaint alleged that "[a]ll defendants had and/or assumed the duty to insure that plaintiffs purchase of the Property was free and clear of statutory 'tenant rights' ... and [d]efendants breached that duty by failing to give proper notices...."

reveal the existence of rats. The Piphers stated in their opposition to Odell's motion for summary judgment, and in a deposition, that they spoke with Odell about the presence of rats in the building. Moreover, the tenants on the first floor of the building spoke to Odell about the rat infestation prior to the Piphers' purchase of the building.

▮▮▮ Based on this evidence in the record, we conclude there is a genuine issue of material fact remaining. We therefore reverse the trial court's order of summary judgment with respect to the issue presented in Count II of the Piphers' complaint, which alleged that Odell failed to warn the Piphers of rat infestation on the property.[5]

## IV.

We, therefore, affirm the grant of summary judgment with respect to Counts I and

III of the Piphers' complaint under the theory of collateral estoppel because the issue of proper notice to the tenants was previously litigated in the first cause of action [6] and reverse the trial court's grant of summary judgment with respect to Count II of their complaint on the issue of notice of rat infestation.

*So ordered.*

---

**5.** Count II also alleged that Odell failed to inform the Piphers about the "trouble tenants" in the building. We affirm the summary judgment order with respect to this claim because there is no evidence in the record demonstrating a genuine issue of material fact with respect to this nebulous assertion. *See Townsend, supra,* 640 A.2d at 187.

**6.** This court may uphold a judgment on grounds other than those relied upon by the trial court. *Word, supra,* 491 A.2d at 523 n. 4.