**Theresa SPARWASSER,**

**v.**

**FEDERAL KEMPER INSURANCE COMPANY.**

**Civ. No. K–93–2872.**

United States District Court,
D. Maryland.

July 18, 1994.

Richard F. Shapiro, Baltimore, MD, for plaintiff.

Alan R. Siciliano, and DeCaro, Doran, Siciliano, Gallagher, Sonntag & DeBlasis, Lanham, MD, for defendant.

KAUFMAN, Senior District Judge.

On February 4, 1993, plaintiff, Theresa Sparwasser was involved in an automobile accident on Interstate 95 at or near its intersection with Eastern Avenue, in Baltimore City, Maryland. She was struck by a tractor trailer which left the scene and has never been identified. As a result of the accident, Ms. Sparwasser has suffered paralysis to her legs and has undergone medical treatment costing approximately, $62,000.

At the time of the accident, Ms. Sparwasser was driving a 1985 Nissan pick-up truck which she owned and which was insured by defendant Kemper for up to $50,000 in uninsured motorist coverage. She subsequently filed a claim with Kemper under the Uninsured Motorist Provision of her policy seeking $50,000 in coverage. Ms. Sparwasser also made a claim for uninsured motorist coverage pursuant to the terms of her father's insurance contract, also with Kemper, which provides for $100,000 in uninsured motorist coverage. At the time of the accident, both Ms. Sparwasser and her father, Edward Sparwasser, lived at the same address. Edward Sparwasser owned a 1982 Cadillac El Dorado which was covered by his separate Kemper insurance policy. Kemper refused to pay Ms. Sparwasser any money claimed under her father's policy.

In this case, Ms. Sparwasser seeks $150,000 in damages for breach of contract—the combination of the limits of her and her father's uninsured motorist coverage. The language of the policies held by Ms. Sparwasser and her father respectively is identical, only the coverage limits differ. Kemper does not dispute Ms. Sparwasser's entitlement to $50,000 under her policy. However, Kemper continues to maintain that it has no obligation to award her coverage from her father's policy, and seeks summary judgment in connection with the same.

Under Fed.R.Civ.P. 56, this court may grant summary judgment if the movant shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

In 1972, the Maryland General Assembly instituted various legislative changes to the state's motor vehicle insurance laws. One of the most prominent alterations was the mandate in subtitle 35 of Article 48A (the Insurance Code) that every automobile liability policy issued must include uninsured motorist protection. "The primary purpose of uninsured motorist coverage 'is to assure financial compensation to the innocent victims of motor vehicle accidents who are unable to recover from financially irresponsible uninsured motorists.'" Andrew Janquitto, *Uninsured Motorist Coverage in Maryland*, 21 U.Balt.L.Rev. 170, 181 (1992) [hereinafter *Uninsured Motorist*] (quoting *Pennsylvania Nat'l Mut. Cas. Ins. Co. v. Gartelman*, 288 Md. 151, 157, 416 A.2d 734 (1980)). The statute requires that all insurance policies cover damages which "[t]he insured is entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injuries sustained in an accident arising out of the ownership, maintenance or use of such uninsured motor vehicle." Md.Ann.Code art. 48A, § 541(c)(2)(i) (1994). "The minimum required uninsured motorist protection is $20,000 for injury or death of any one person in an accident, $40,000 for injury or death of any two or more persons per accident, and $10,000 for property damage in any one accident." *Uninsured Motorist, supra* at 182. "If a policy 'omits or purports to exclude a particular coverage required by law, the omission or exclusion is ineffective, and the insurance policy will be applied as if [it contained] the minimum required coverage.'" *Id.* at 173 (quoting *Nationwide Mut. Ins. Co. v. United States Fidelity & Guar. Co.*, 314 Md. 131, 135, 550 A.2d 69 (1988)).

In addition to the above-listed requirements of coverage, the statute expressly permits only two exclusions from coverage: the "owned-but-uninsured" exclusion and the "named driver exclusion" exclusion.[1] How-

---

1. These terms for the types of exclusions are taken from the *Uninsured Motorist* article cited *supra*, at 240.

Under § 541(c)(2)(v)(1) (the owned-but-uninsured exclusion), an insurer may exclude from coverage "the named insured or members of his family residing in the household when occupying, or struck as a pedestrian by, an uninsured motor vehicle that is owned by the named insured or a member of his immediate family residing in his household." "From the insurer's standpoint, the exclusion limits its potential ex-

posure by preventing the extension of uninsured motorist coverage to a second or third vehicle when the insured has paid a premium based on his owning only one vehicle." *Uninsured Motorist, supra*, at 240–41.

Under § 541(c)(2)(v)(2) (the named driver exclusion), insurers may exclude coverage for "[t]he named insured, members of his family residing in the household, and all other persons having other applicable automobile insurance and occupying, or struck as a pedestrian by, the insured motor vehicle operated or used by a

ever, the Court of Special Appeals in Maryland has identified and upheld a third exclusion, i.e., what may be termed as the "owned-but-otherwise-insured" exclusion. *Uninsured Motorist, supra,* at 243 (citing *Powell v. State Farm Mutual Automobile Insurance Co.,* 86 Md.App. 98, 585 A.2d 286 (1991)). "The 'owned-but-otherwise insured' exclusion excludes coverage when an insured is injured while an operator or passenger in a vehicle that is owned by him or a family member but insured by another motor vehicle insurer." *Uninsured Motorist, supra,* at 243. Ms. Sparwasser's policy, and the policy of her father, both contain exclusionary language which falls within the owned-but-otherwise-insured exclusion. Under the heading "Exclusions," the Kemper policies provide:

> We do not provide Uninsured Motorists Coverage for **property damage** or **bodily injury** sustained by any insured ... while **occupying,** or when struck by, any motor vehicle owned by such person which is not insured for this coverage under this policy.

An "insured" is defined as "You or any **family member.** " A "family member" is defined as "a person related to you by blood, marriage or adoption who is a resident of your household." [2]

In *Powell,* the Court of Special Appeals of Maryland specifically upheld an exclusion with nearly identical language. In that case, Kenneth Powell was injured by an uninsured motorist while driving his wife's car, which was insured by State Farm for $20,000/$40,000 in uninsured motorist coverage. In addition, State Farm insured Mr. Powell's motor vehicle under a different policy, for $100,000/$300,000 in uninsured motorist coverage. That policy contained the following exclusionary language:

> THERE IS NO COVERAGE:
>
> ....
>
> 2. FOR BODILY INJURY TO YOU ... WHILE OCCUPYING ... A MOTOR VEHICLE OWNED BY YOU, YOUR SPOUSE OR ANY RELATIVE, and which is not insured under the liability coverage of this policy.

Mr. Powell and his wife sought to collect uninsured motorist benefits under the policy on Mr. Powell's vehicle. The court held that the insurer's exclusion was consistent with the public policies underlying the uninsured motorist statute.

> We feel that the exclusionary language contained in Section 541(c)(2)(i) ... was intended to permit exclusion of coverage for other family-owned vehicles not insured under the applicable policy. To permit such an exclusion will encourage families to obtain coverage for *all* of their vehicles and thus maximize compliance with the purpose of the statute.
>
> ....
>
> ... As we see it, the legislature was permitting an insurer to exclude other vehicles of an insured that were not insured under the policy at issue.

*Powell,* 86 Md.App. at 108–09, 585 A.2d 286. Essentially, under the owned-but-otherwise-insured exclusion, uninsured motorist coverage runs with the car being operated and not with the person operating it.

■ The facts in this case differ from those in *Powell.* In *Powell,* plaintiff sought to recover under his own policy where he was not driving his own car. In the within case, plaintiff seeks to recover under a family member's policy with regard to an event which occurred when she was driving her own car. However, in both cases plaintiffs seek to recover under a second policy which does not cover the car involved in the accident. Moreover, both cases involve coverage language substantially identical in effect and nearly identical in language. As in *Powell,* to permit the coverage plaintiff seeks "would be to permit an owner to buy excess coverage under one policy for one vehicle at a relatively small premium and coverage under

---

2. person excluded from coverage under § 240C–1 of this article." That section permits an "insurer to exclude nearly all coverage when a vehicle is operated by a named excluded driver." *Uninsured Motorist, supra,* at 242.

2. Defendant questions whether Ms. Sparwasser is a "family member" of Edward Sparwasser under the policy because it appears that he was a resident of her household and not vice versa. However, because Ms. Sparwasser is unable to recover even if she is deemed an insured, this Court need not answer that question.

a separate policy for his other vehicles at a lesser cost, and have the excess coverage of the first policy apply to the vehicles covered under the subsequent policies." *Id.* at 110, 585 A.2d 286.

 Further, Ms. Sparwasser may not make claims for coverage under *both* her policy and her father's policy. "Section 543(a) of the Maryland Insurance Code prevents a person from recovering uninsured motorist or personal injury protection benefits 'from more than one motor vehicle liability policy or insurer on either a duplicative or supplemental basis.'" *Uninsured Motorist Coverage, supra,* at 245, n. 365 (citing Md. Ann.Code art. 48A, § 543(a) (1991)). Thus, Ms. Sparwasser is barred from staking two claims, i.e., claiming pursuant to her uninsured motorist policy and that of her father, as well.[3] Accordingly, defendant's motion for summary judgment will be granted.

---

**3.** Ms. Sparwasser contends that her policy is ambiguous as to whether she had uninsured or underinsured motorist coverage and that the ambiguity should be resolved against the insurer as the drafter. As a preliminary matter, Ms. Sparwasser's policy is not ambiguous; rather, it simply does not provide for underinsured motorist coverage. Ms. Sparwasser cites in support of her proposition that her policy is ambiguous, *Christensen v. Wausau Ins. Cos.,* 69 Md.App. 696, 519 A.2d 776 (1987). That case involved a policy which specifically provided for underinsured motorist coverage. The question in *Wausau* was whether the claimant could recover both uninsured motorist coverage and underinsured motorist coverage. Moreover, and more importantly, "underinsured motorist coverage" is applicable where a "person responsible for an accident has less liability coverage than the insured under the uninsured provisions of his own policy." *Aetna Cas. & Sur. Co. v. Souras,* 78 Md.App. 71, 76, 552 A.2d 908 (1989) (citation omitted).