705 A.2d 29

**Harpreet K. MATTA**

v.

**GOVERNMENT EMPLOYEES INSURANCE CO.**

**No. 243, Sept. Term, 1997.**

Court of Special Appeals of Maryland.

Jan. 28, 1998.

336

Leonard C. Pederson, Jr. (Schulze & Pederson, P.C., on the brief), Washington, DC, for Appellant.

James M. Brault (James S. Wilson and Brault, Graham, Scott & Brault, L.L.C., on the brief), Rockville, for Appellee.

Argued before MOYLAN, THIEME and KENNEY, JJ.

**338** 

KENNEY, Judge.

 Appellant was injured in an automobile accident while a passenger in a car owned by her father and being driven by her brother. The standard household exception under the liability coverage provision of her parent's automobile insurance policy limited her recovery to $20,000. The policy excluded an insured auto from uninsured motorist coverage and defined the vehicles covered under the policy as being insured autos. Appellant sued her brother in the Circuit Court for Montgomery County and sought also to recover additional benefits from appellee, Government Employees Insurance Co. (GEICO), under the uninsured motorist provision of her parent's policy. The circuit court granted appellee's motion for summary judgment on the uninsured motorist claim and judgment was entered pursuant to Rule 2–602.[1] Appellant challenges the legal correctness of the trial court's grant of the motion, essentially asking this Court to address one question:

Is appellee responsible to appellant for insurance benefits under the uninsured motorist provision of her parent's policy?

---

1. The utilization of the provisions of Rule 2–602(b) to enter an immediately appealable judgment requires the exercise of considered discretion by the trial court in which the exigencies of the case before it are balanced with the policy against piecemeal appeals. *Diener Enters. Inc. v. Miller,* 266 Md. 551, 295 A.2d 470 (1972) (discussing former Rule 605(a)). Because of its jurisdictional implications, the determination of the trial court may be reviewed by the appellate court. *Maryland–National Capital Park & Planning Comm'n v. Smith,* 333 Md. 3, 633 A.2d 855 (1993). The focus of appellate review is whether the record below establishes the existence of a hardship or unfairness supporting the discretionary departure from the usual rule. *Allstate Ins. Co. v. Angeletti,* 71 Md.App. 210, 217, 524 A.2d 798 (1987) (citing *Diener,* 266 Md. at 555, 295 A.2d 470). A review of the record in this case supports the decision of the trial court. Absent uninsured motorist coverage, the litigation expense to establish damages in a case involving serious injuries and substantial medical expenses, weighed against the conceded limit of recovery pursuant to the liability provisions of the insurance policy covering appellant, constitutes the existence of a hardship or unfairness sufficient to invoke Rule 2–602(b).

We shall answer in the negative and affirm the judgment of the trial court.

## BACKGROUND

On October 31, 1995, appellant's brother was driving northbound on Frederick Road in Montgomery County when the car crossed the center line and collided with another vehicle. Appellant, a passenger in the car driven by her brother, sustained serious injuries, including the partial amputation of her right foot. Both appellant and her brother resided in the family home with their parents.

The car was insured by appellee pursuant to a policy with $300,000 per person/per occurrence limits for both liability and uninsured motorist coverage. The father was the named insured under the policy and the brother and appellant were included as additional "persons insured" under the policy. The liability provisions of the policy included a standard household exclusion that relieved the insurer of responsibility for providing full coverage for bodily injuries sustained by relatives of the named insured residing in the named insured's household. Consequently, by its terms, the policy required appellee to provide appellant with only the statutory minimum liability coverage for injuries sustained while riding with her brother in the car covered by the policy.

Appellant sought additional coverage under the uninsured motorist provisions of the policy, and when appellee denied coverage, appellant filed a claim in the Circuit Court for Montgomery County seeking the difference between the applicable statutory minimum liability coverage, $20,000, and the $300,000 uninsured motorist coverage limit of the policy. Appellant argued that she was entitled to claim under the uninsured motorist provisions of the policy because the tortfeasor's liability coverage was less than the amount of uninsured motorist coverage provided to her by the insurance carrier. Thus, even though both the tortfeasor and the accident victim were covered under the same insurance policy, appellant contended that the policy's definition of an uninsured

motorist permitted a determination of coverage for her injury. She argues that any policy exclusion from uninsured motorist coverage of the automobiles insured under the policy is violative of the applicable statutory law and the public policy of Maryland on which such law is based.

In its motion for summary judgment, appellee argued that the policy issued to appellant's father explicitly excluded from uninsured motorist coverage an "insured auto," and that the vehicle driven by appellant's brother was insured as required by law at the time of the accident. Appellee firmly maintains the validity of a household exclusion to uninsured motorist coverage and the policy language implementing the exclusion.

## THE POLICY BEHIND THE POLICY

Maryland law requires that an owner of a registered vehicle carry a minimum amount of both liability and uninsured motorist insurance to cover the payment of claims for bodily injury or death arising out of an accident. Md.Code (1977, 1992 Repl.Vol.), § 17–103 of the Transportation Article ("the Maryland Financial Responsibility Law"). The prescribed minimum coverage limits are $20,000 for any one person and $40,000 for any two or more persons. *Id.* The purpose of Maryland's compulsory insurance law is to ensure that those who own and operate motor vehicles registered in the State are financially able to pay compensation for damages resulting from motor vehicle accidents. *Enterprise Leasing Co. v. Allstate Ins. Co.,* 341 Md. 541, 671 A.2d 509 (1996); *Blue Bird Cab Co. v. Amalgamated Cas. Ins. Co.,* 109 Md.App. 378, 675 A.2d 122 (1996); *Larimore v. American Ins. Co.,* 69 Md.App. 631, 519 A.2d 743 (1987), *rev'd on other grounds,* 314 Md. 617, 552 A.2d 889 (1989). The Court of Appeals has construed the statute to embody a public policy that all automobile liability policies shall contain bodily injury or death liability coverage in at least the statutory minimum amounts. *State Farm Mut. Auto. Ins. Co. v. Nationwide Mut. Ins. Co.,* 307 Md. 631, 643, 516 A.2d 586 (1986).

 Insurance companies who contract to supply this coverage may "limit their liability and impose whatever condition they please in the policy so long as neither the limitation on liability nor the condition contravenes a statutory inhibition or the State's public policy." *Walther v. Allstate Ins. Co.*, 83 Md.App. 405, 411, 575 A.2d 339, *cert. denied*, 320 Md. 801, 580 A.2d 219 (1990) (citing *State Farm v. Nationwide, supra* ). One standard exclusion that has been recognized as valid by Maryland courts is the "household" exclusion. *State Farm v. Nationwide*, 307 Md. at 644, 516 A.2d 586. This exclusion limits the insurer's liability to the statutory minimum amount of coverage for claims asserted by household members of the insured who are injured in an accident while occupying or when struck by a car operated by the insured or a member of the household. *Id.*

 In addition to liability coverage in an amount at least equal to the statutory minimum, uninsured motorist insurance is required to be included in each automobile insurance policy issued in Maryland pursuant to "remedial legislation" designed by the General Assembly "for the protection of the motoring public." *Langston v. Allstate Ins. Co.*, 40 Md.App. 414, 436, 392 A.2d 561 (1978). The purpose of the requirement is to assure financial compensation to the innocent victims of motor vehicle accidents who are unable to recover from financially irresponsible uninsured motorists. *Pennsylvania Nat'l Mut. Cas. Ins. Co. v. Gartelman*, 288 Md. 151, 416 A.2d 734 (1980); *Larimore, supra.*

Since 1973, Maryland has required every motor vehicle insurance carrier to offer uninsured motorist coverage in every motor vehicle insurance policy issued in Maryland. Md.Code (1997), § 19–509(c) of the Insurance Article ("Ins.").[2] *Waters v. U.S. Fidelity & Guar. Co.*, 328 Md. 700, 710, 616 A.2d 884 (1992). In 1975, the Code was amended to require

---

**2.** Section 19–509 of the Insurance Article consists of new language without substantive change from former Art. 48A §§ 481A and 541(c), (e), (f), (g)(1) and (h). All references herein shall be to the applicable provisions of the Insurance Article.

that every motor vehicle insurance policy issued in Maryland contain minimum uninsured motorist coverage in the amount required under the Maryland Financial Responsibility Law, *i.e.*, $20,000 per person and $40,000 per accident. Ins. § 19–509(e); *Waters*, 328 Md. at 710, 616 A.2d 884. Prior to further amendments to the Insurance Code in 1981, the Court of Appeals had stated that the purpose of the uninsured motorist provisions was "that each insured under such coverage have available the full statutory minimum *to exactly the same extent* as would have been available had the tortfeasor complied with the minimum requirements of the financial responsibility law." *Waters*, 328 Md. at 710, 616 A.2d 884 (quoting *Nationwide Mutual Ins. v. Webb*, 291 Md. 721, 737, 436 A.2d 465 (1981) (citation omitted) (emphasis added)). The effect of this mandatory coverage was to "provid[e] minimum protection to individuals injured by uninsured motorists." *Waters*, 328 Md. at 710, 616 A.2d 884 (quoting *Yarmuth v. Gov't Employees Ins. Co.*, 286 Md. 256, 264, 407 A.2d 315 (1979)). In 1981, the legislature amended the statute to provide people with the option of purchasing more uninsured motorist coverage than the minimum required by the statute. *Popham v. State Farm Mut. Ins. Co.*, 333 Md. 136, 146, 634 A.2d 28 (1993).

After the 1981 amendment, people who purchased higher uninsured motorist coverage could claim against their own policies after exhausting the liability limits of the tortfeasors' policies under appropriate circumstances. This legislative action recognized the concept of "underinsurance" by including within the definition of an "uninsured motor vehicle" a motor vehicle "for which the sum of the limits of liability under all valid and collectible liability insurance policies ... applicable to bodily injury or death ... is less than the amount of coverage provided under this section." Ins. § 19–509(a)(2)(i).

## THE STATUTE

Ins. § 19–509 provides, in pertinent part, that

each motor vehicle liability policy issued, sold, or delivered in the State ... shall contain coverage for damage, subject to the policy limits, that:

> (1)the insured is entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injuries sustained in a motor vehicle accident arising out of the ownership, maintenance, or use of the uninsured motor vehicle. . . .

The amount of uninsured motorist coverage for an individual shall at least equal $20,000, the amount required by Title 17 of the Transportation Article and Title 20, Subtitle 6 of the Insurance Article, but such coverage "may not exceed the amount of liability coverage provided under the policy."

Ins. § 19–509(f)(1) expressly authorizes the exclusion from required uninsured motorist coverage any benefits for

> (1) the named insured or a family member of the named insured who resides in the named insured's household for an injury that occurs when the named insured or family member is occupying or is struck as a pedestrian by an uninsured motor vehicle that is owned by the named insured or an immediate family member of the named insured who resides in the named insured's household. . . .

## THE POLICY

Under the policy insuring appellant, GEICO agreed to

> pay damages for bodily injury and property damage caused by accident which the insured is legally entitled to recover from the owner or operator of an uninsured motor vehicle arising out of the ownership, maintenance or use of that vehicle.

The policy included within the definition of "insured" the relatives of the policy holder if they are "resident of [the policy holder's] household" and provided coverage to the policy holder and his relatives. Any amounts paid to the insured under the Uninsured Motorists Coverage provisions of the policy "shall reduce any amount the insured is entitled to receive from the Bodily Injury ... coverages of [the] policy."

The policy defined an "insured auto" as an auto "described in this declaration and covered by the bodily injury . . . liability coverages" of the policy. It defined an "uninsured motor vehicle" as

(a) a motor vehicle to which there is at the time of the accident no applicable bodily injury or property damage liability bond or insurance policy which complies with the Financial Responsibility Laws of Maryland.

The policy expressly excluded "an insured auto" from the definition of an "uninsured motor vehicle."

## ANALYSIS

Appellant's argument does not persuade us that her brother was driving an uninsured motor vehicle as defined in either the policy or the statute. Despite the fact that the uninsured motorist statute is to be liberally construed in favor of assuring recovery for innocent victims of motor vehicle accidents, liberal construction does not permit a departure from the legislature's intended application of the section. *See Nationwide Mut. Ins. Co. v. Webb, supra.*

Appellant's brother was driving a car that indisputably was covered to the extent required by law by the very insurance policy at issue in this case. The statute defines an uninsured motor vehicle as

a motor vehicle: (1) the ownership, maintenance, or use of which has resulted in the bodily injury or death of an insured; and (2) for which the sum of the limits of liability under all valid and collectible liability insurance policies, bonds, and securities applicable to bodily injury or death: (i) is less than the amount of coverage provided under this section; or (ii) has been reduced by payment to other persons of claims arising from the same occurrence to an amount less than the amount of coverage provided under this section.

Md.Code (1997), § 19–509(a) of the Insurance Article.

In this case, the vehicle causing appellant's injury was an insured vehicle under a valid and collectible liability insurance

policy with coverage in an amount as provided under the applicable code section, i.e., $20,000, for appellant's injury, and that coverage amount was not reduced to a lesser amount as the result of claims arising from the accident payable to other persons. The vehicle was not an "uninsured motor vehicle" as defined by the statute.

The policy defined an "insured auto" as a car described in the declarations of the policy and expressly excluded an insured auto from the definition of an uninsured motor vehicle. Clearly, the vehicle was not an "uninsured motor vehicle" under the terms of the policy.

Not only is appellant's construction inconsistent with the language of both the statute and the insurance policy, such a construction is neither required nor consistent with the public policy behind required uninsured motorist insurance. The primary remedial purpose of the statute is accomplished so long as appellant recovers at least the amount required by the Maryland Financial Responsibility Law. Therefore, the liability coverage of which appellant was the beneficiary fulfills both policy and statutory requirements.

Even if we accepted appellant's argument that her brother was operating an "uninsured" motor vehicle within the meaning of the policy and the statute, she still is excluded from uninsured motorist coverage because she would have been injured by an "uninsured motor vehicle" owned by her father. The uninsured motorist statute specifically permits insurers to exclude uninsured motorist benefits for

> the named insured or a family member of the named insured who resides in the named insured's household for an injury that occurs when the named insured or family member is occupying or is struck as a pedestrian by an uninsured motor vehicle that is owned by the named insured or an immediate family member of the named insured who resides in the named insured's household....

Md.Code (1997), § 19–509(f)(1) of the Insurance Article.

To adopt appellant's construction of the relationship between the policy insuring appellant and the statutory scheme

pursuant to which it was issued would result in an inconsistent result. An "insured" is defined under the policy's liability coverage to include the person in whose name the policy is issued, that person's relatives, and any other person using the insured auto with the permission of the policyholder or the policyholder's spouse. The exact language of the household exclusion in the liability provision of appellant's parent's policy reflects the holding in *State Farm v. Nationwide, supra,* and reads:

> *Bodily Injury* to an *insured* or any family member of an *insured* residing in the *insured's* household is not covered in excess of the financial responsibility limits required by Maryland law.

Appellee has paid appellant the $20,000 statutory financial responsibility limit.

Appellant urges this Court to construe the statute as permitting a total household exclusion to liability coverage "in excess of the financial responsibility limits required by Maryland law," but not to permit limitation on household coverage under the uninsured motorist provision of the policy. To do so would effectively transform the uninsured motorist coverage into family liability coverage not provided for by the policy and not required by the statute, which expressly permits a total household exclusion for uninsured motor vehicles. Ins. § 19–509(f)(1).

Appellant relies on a law review article for the proposition that a household exclusion to uninsured motorist coverage only applies when a family owns several cars but insures fewer than all of them ("owned-but-uninsured" exclusion) or when a family purchases only minimal insurance for some vehicles in the hopes of recovering under a more extensive policy covering one family car ("owned-but-otherwise-insured" exclusion). Andrew Janquitto, *Uninsured Motorist Coverage in Maryland,* 21 U.Balt.L.Rev. 170, 243 (1992) (citing *Powell v. State Farm,* 86 Md.App. 98, 585 A.2d 286 (1991)). Appellant also cites *Sparwasser v. Federal Kemper Ins. Co.,* 858 F.Supp. 501 (D.Md.1994).

In *Sparwasser*, the United States District Court for the District of Maryland was asked to resolve a case in which a woman was paralyzed as a result of a hit-and-run accident with a tractor trailer. After exhausting the limit of her own policy's uninsured motorist provisions, she sought to recover as a household resident under her father's uninsured motorist coverage. The court found that Sparwasser was barred from recovering by the "owned-but-otherwise-insured" construction of the exclusion, as interpreted by this Court in *Powell. Sparwasser*, 858 F.Supp. at 503.

*Sparwasser* and the Janquitto article did not contemplate the factual circumstances of appellant's claim. On the contrary, in both *Powell* and *Sparwasser*, the driver and the accident victim were covered under two separate policies of automobile insurance. The instant case presents us with a significantly different set of facts involving one insurance policy under which both an injured passenger and the driver of the allegedly uninsured vehicle were insured. We do not find that the plain language of the statute limits the application of permitted exclusions to the factual circumstances of the cases urged by appellant.

We find *Provident Gen. Ins. Co. v. McBride*, 69 Md.App. 497, 518 A.2d 468 (1986), *cert. denied*, 309 Md. 326, 523 A.2d 1013 (1987) instructive. In *McBride*, this Court addressed a case in which a named insured sought uninsured motorist coverage under her own policy. McBride was a passenger in her own car when it collided with another vehicle. Provident covered McBride under the liability provision of her policy to the $20,000 limit required by the Maryland Financial Responsibility Law, but refused further coverage, claiming that her policy validly excluded her. McBride maintained that she was entitled to coverage under the uninsured motorist provision of her policy and asked this Court to invalidate an exclusion which provided that an "uninsured motor vehicle" did not include a vehicle "[o]wned or furnished or available for ... use" by the named insured "or any family member". *McBride*, 69 Md.App. at 501, 518 A.2d 468. We determined that the exclusion was valid because it was "specifically autho-

rized" by the statutory provision now found at Ins. § 19–509(f)(1). We held that the statutory language describing the permitted exclusion was unambiguous and that we were "not at liberty to insert or delete words to ascertain a legislative intention different from its clear meaning." *McBride,* 69 Md.App. at 507, 518 A.2d 468 (citing *Jones v. State,* 304 Md. 216, 220, 498 A.2d 622 (1985)).

Similarly, we find that excluding uninsured motorist coverage under the circumstances described in the exclusion does not conflict with the State's basic policy consideration that every person is guaranteed a minimum amount of coverage, because the liability provision of the family's policy provides the insured with at least the statutory minimum amount of insurance.

■ We are not unmindful of the unfortunate circumstances of the appellant and her family, but when appellant's parents entered into the contract for auto insurance, they effectively covenanted that any claim by members of their household for bodily injury would not be covered by the policy beyond the statutory minimum amount required by the Maryland Financial Responsibility Law. *See Walther,* 83 Md.App. at 411, 575 A.2d 339. An insurance company that contracts to underwrite specific coverage "should not subsequently be expected to assume liability for a risk which it expressly excluded." *Parker v. State Farm Mut. Auto. Ins. Co.,* 263 Md. 206, 216, 282 A.2d 503 (1971) (citing *Wheeler v. State Farm Mut. Auto. Ins. Co.,* 438 F.2d 730 (10th Cir.1971)).

## MOTION FOR SUMMARY JUDGMENT

■ Summary judgment may be granted when there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Md. Rule 2–501(e); *Bowen v. Smith,* 342 Md. 449, 677 A.2d 81 (1996). On appeal from a grant of summary judgment motion, this Court determines whether the trial court was legally correct. *Bowen v. Smith, supra; Beatty v. Trailmaster Products, Inc.,* 330 Md. 726, 737, 625 A.2d 1005 (1993). We conclude that the trial

court was legally correct in its grant of appellee's motion for summary judgment. Accordingly, we affirm.

**JUDGMENT AFFIRMED.**

**COSTS TO BE PAID BY APPELLANT.**