727 A.2d 968

**Doris RICHMOND**

v.

**HARTFORD UNDERWRITERS INSURANCE COMPANY.**

**No. 1347, Sept. Term, 1998.**

Court of Special Appeals of Maryland.

April 13, 1999.

Richard D. Rosenthal, Baltimore (Tydings & Rosenberg, LLP, Baltimore, and Calvin I. Hamburger, Towson, on the brief), for appellant.

Gregory L. VanGeison (Anderson, Coe & King, LLP on the brief), Baltimore, for appellee.

Argued before MURPHY, C.J., and DAVIS and KENNEY, JJ.

DAVIS, Judge.

Appellant Doris Richmond and her husband, Joel Richmond, are the named insureds on a motor vehicle insurance policy (the policy) issued by appellee Hartford Underwriters Insurance Company. The policy insures a vehicle owned jointly by

appellant and her husband. On May 31, 1996, while appellant was riding as a passenger and her husband was driving, the car was involved in an accident and appellant allegedly sustained extensive injuries.

Appellant filed a tort claim against her husband, alleging that he was negligent and, therefore, liable for her injuries. Appellant also brought a declaratory judgment action against appellee, seeking a determination of whether she was entitled to benefits under the liability and uninsured motor vehicle provisions of the policy. Appellee filed a motion for summary judgment, asserting that appellant lacked standing to seek a declaratory judgment and, if she did have standing, her benefits were limited to $20,000 under the policy's liability provision. Appellee also sought summary judgment on the issue of uninsured motor vehicle coverage, stating that appellant was not entitled to uninsured motor vehicle benefits. Appellant filed a cross-motion for summary judgment and the coverage issues were joined.

On June 29, 1998, the Circuit Court for Baltimore County (Levitz, J.), held a hearing on the scope of the policy's liability and uninsured motor vehicle coverage. The court determined that the policy permitted no uninsured motor vehicle benefits and restricted appellant's recovery to $20,000 in liability insurance. Accordingly, summary judgment was entered in favor of appellee.

Appellant timely noted her appeal on July 9, 1998, and raises one question for our review that we restate as follows:

Is a household exclusion clause in an automobile insurance policy void as against public policy when the Maryland Insurance Statute requires insurers to provide uninsured motor vehicle coverage to its insureds in an amount equal to the amount of liability insurance the insureds purchase?

In addition, appellee presents one question for our review, reframed below:

Does appellant lack standing to seek a declaration of her entitlement to insurance benefits?

For the reasons stated herein, we answer appellant's question in the negative, appellee's affirmatively and, consequently, affirm the judgment of the circuit court.

## FACTS

On September 4, 1996, appellee issued an automobile insurance policy to appellant and her husband. Both individuals were named on the policy, which provided for liability insurance up to $250,000 and uninsured motor vehicle insurance up to $250,000. The policy also contained the standard household exclusion for liability insurance as well as the owned-but-uninsured and named-driver exclusions for uninsured motor vehicle insurance. On May 31, 1996, appellant allegedly was injured when their car was involved in an accident. At the moment of impact, appellant's husband was driving and appellant was riding in the passenger seat. Appellant filed a complaint against her husband, alleging the accident occurred as a result of his negligence. In addition, appellant filed a separate action in the Circuit Court for Baltimore County, seeking a declaratory judgment regarding the amount of benefits to which she was entitled under the provisions of the policy. Appellee responded to appellant's complaint, asserting that appellant did not have standing to seek a declaratory judgment and, therefore, appellee was entitled to summary judgment. Appellee also urged that, even if appellant had standing, she was not entitled to uninsured motor vehicle benefits and was limited to only $20,000 in benefits under the liability provision due to the household exclusion contained in the policy.

Following a hearing on June 28, 1998, the court entered judgment in favor of appellee, based on its determination that recovery was limited to $20,000, pursuant to the liability portion of the policy. On July 9, 1998, appellant timely noted this appeal.[1]

---

1. The instant appeal does not involve appellant's tort claim against her husband.

## DISCUSSION

### I

Prior to analyzing the merits of appellant's appeal, we must address appellee's contention that appellant did not have standing to seek a declaratory judgment. According to appellee, Maryland law forbids an injured tort claimant from bringing a direct action against the insurer of the alleged tort-feasor until after the alleged tort-feasor's liability has been judicially determined. Thus, appellee concludes, until a determination of her husband's liability has been made, appellant may not seek a declaratory judgment regarding her entitlement to insurance benefits. We disagree.

■ Maryland law instructs that an individual may seek a declaratory judgment against an insurer before the insured tort-feasor's underlying liability has been determined when the two issues are independent and separable. *See Harford Mut. Ins. Co. v. Woodfin Equities Corp.*, 344 Md. 399, 413, 687 A.2d 652 (1997); *Washington Metro. Area Transit Auth. v. Queen*, 324 Md. 326, 333 n. 6, 597 A.2d 423 (1991) (citing *Allstate Ins. Co. v. Atwood*, 319 Md. 247, 252, 256–57, 572 A.2d 154 (1990)). For example, in *Valliere v. Allstate Ins. Co.*, 324 Md. 139, 141, 596 A.2d 636 (1991), the representative of a decedent brought a declaratory judgment action concerning the terms of an alleged tort-feasor's liability insurance policy while the underlying tort lawsuit was pending. Declaratory judgment actions on separate and independent issues regarding policy coverage have also been permitted by the courts when the underlying tort action was filed near or after the date that the declaratory judgment suit was filed. *See Van Horn v. Atlantic Mut. Ins. Co.*, 334 Md. 669, 641 A.2d 195 (1994) (entertaining the merits of a declaratory judgment regarding the enforceability of a policy held by an alleged tort-feasor before the underlying lawsuit was filed); *Bankers and Shippers Ins. Co. v. Electro Enters., Inc.*, 287 Md. 641, 415 A.2d 278 (1980) (addressing a declaratory judgment ruling on policy coverage disputes brought soon after the underlying tort claim was filed).

■ In the case *sub judice,* the court properly concluded that appellant had standing to bring the declaratory judgment action.[2] The issues in the underlying tort claim, which is pending, will be the negligence of appellant's husband and the extent of appellant's injuries. By contrast, the issue in the declaratory judgment action was appellant's entitlement to coverage under the liability and uninsured motor vehicle provisions of the policy. The issues raised in appellant's declaratory judgment action were independent and separable from the pending tort lawsuit. Appellant had standing, therefore, to bring a declaratory judgment action.

## II

Appellant asserts that the trial court erroneously concluded that she was not entitled to benefits under the uninsured motor vehicle portion of the policy. Specifically, she contends that there is no Maryland case law supporting the trial court's determination that appellant was not entitled to additional benefits pursuant to the uninsured motorist portion of the insurance policy. Furthermore, avers appellant, application of the household exclusion is violative of the policy's terms, the Maryland Insurance Code, and public policy, which require that insurers provide uninsured motorist coverage in an amount equal to the amount of liability coverage the insured purchases.

Appellee counters that appellant is not entitled to uninsured motor vehicle benefits because an exclusion in its policy states that an uninsured motor vehicle does not include a vehicle owned by the named insured. Appellee urges that this exclusion is expressly permitted by Maryland's insurance statute and has been affirmed by this Court in two recent decisions. *See* MD.CODE (1997, 1998 Supp.), INSURANCE II (INS. II), § 19–509(f)(1); *see also Matta v. Government Employees Ins. Co.,*

---

**2.** Although the court did not explicitly rule on appellee's assertion that appellant lacked standing to seek a declaratory judgment, a judgment was entered regarding the terms of the policy. Hence, we can infer that the court concluded appellant had standing.

119 Md.App. 334, 705 A.2d 29 (1998); *Provident General Ins. Co. v. McBride,* 69 Md.App. 497, 518 A.2d 468 (1986). In conclusion, states appellee, the trial court correctly determined that appellant was not entitled to additional benefits under the uninsured portion of the policy.

Owners of vehicles registered in Maryland are required to maintain liability and uninsured motorist insurance of at least $20,000 for any one person and $40,000 for any two or more persons. MD.CODE (1998 Repl.Vol.), TRANSPORTATION II, § 17–103. Liability insurance is intended to insure that motor vehicle owners are "financially able to pay compensation for damages resulting from motor vehicle accidents." *Matta,* 119 Md.App. at 340, 705 A.2d 29 (citing *Enterprise Leasing Co. v. Allstate Ins. Co.,* 341 Md. 541, 671 A.2d 509 (1996)). Uninsured motorist coverage, on the other hand, is required "to assure financial compensation to the innocent victims of motor vehicle accidents who are unable to recover from financially irresponsible uninsured motorists." *Id.* at 341, 705 A.2d 29 (citing *Pennsylvania Nat'l Mut. Cas. Ins. Co. v. Gartelman,* 288 Md. 151, 416 A.2d 734 (1980)). Uninsured motorist insurance also provides coverage against "underinsured" vehicles when the liability coverage on the vehicle causing the insured's injuries is less than the uninsured motor vehicle coverage in the insured party's policy. *See* INS. II § 19–509(a)(2)(i); *see also Matta,* 119 Md.App. at 342, 705 A.2d 29.

Although they are required to provide the minimum amounts of insurance, insurers may "limit their liability and [ ] impose whatever condition they please in the policy so long as neither the limitation on liability nor the condition contravenes a statutory inhibition or the State's public policy." *Walther v. Allstate Ins. Co.,* 83 Md.App. 405, 411, 575 A.2d 339, *cert. denied,* 320 Md. 801, 580 A.2d 219 (1990). One exclusion, the "household exclusion," allows insurers to limit the amount of liability insurance coverage when the injured party is a member of the named insured's household.[3] This exclusion, which

---

**3.** Although appellant consistently urges that the household exclusion should not bar her from recovering uninsured motorist benefits, this

is actually a limitation, is permissible by statute, so long as the statutory minimum is still available to the household member.

There are also three exclusions from uninsured motorist coverage. The "owned-but-uninsured" exclusion allows insurers to exclude the following from uninsured motorist coverage:

> [T]he named insured or a family member of the named insured who resides in the named insured's household for an injury that occurs when the named insured or family member is occupying or is struck as a pedestrian by an uninsured motor vehicle that is owned by the named insured or an immediate family member of the named insured who resides in the named insured's household. . . .

INS. II § 19–509(f)(1). The "named driver" exclusion allows insurers to exclude from uninsured motorist coverage "the named insured, a family member of the named insured who resides in the named insured's household, and any other individual who has other applicable motor vehicle insurance for an injury that occurs when [they are] occupying . . . the insured motor vehicle while [it] is operated or used by an individual who is excluded from coverage. . . ." INS. II § 19–509(f)(2). A third, judicially recognized, exclusion is the "owned-but-otherwise-insured" exclusion, which provides that an insured is not entitled to uninsured motor vehicle benefits for injuries sustained while in a vehicle owned by the insured, the insured's spouse, or the insured's family member when the vehicle is insured under a separate policy. *Powell v. State Farm Mut. Auto. Ins. Co.*, 86 Md.App. 98, 108, 585 A.2d 286 (1991).

In *Matta,* the appellant, the named insured's daughter, who was included as an additional "operator insured" under the insurance, was injured while occupying a vehicle owned by the named insured. The alleged tort-feasor and driver of the vehicle, the named insured's son, was also a person insured

---

exclusion limits only her entitlement to liability benefits. As we will explain *infra,* appellant's recovery under the uninsured motorist portion of her policy is barred by the policy's definition of uninsured motor vehicle and the owned-but-uninsured exclusion.

under the insurance policy. Pursuant to the terms of the policy, the insurer concluded that the household exclusion applied and paid the appellant the statutory minimum amount of liability coverage. She sued the insurer, asserting that her policy also entitled her to uninsured motor vehicle benefits. The appellant reasoned that, because the tort-feasor's liability coverage was less than the uninsured motor vehicle coverage provided in the policy, the vehicle was "underinsured" and she was entitled to the difference.

We ruled that the appellant was not entitled to uninsured motorist benefits, reasoning that providing benefits in excess of the statutory minimum amount was inconsistent with the terms of the policy, the insurance statute, and public policy. *Matta*, 119 Md.App. at 345, 705 A.2d 29. The insurance policy in *Matta* "expressly excluded an 'insured auto' from the definition of an 'uninsured motor vehicle.'" *Id.* This definition was consistent with the insurance statute, which defines uninsured motor vehicle as

> a motor vehicle: (1) the ownership, maintenance, or use of which has resulted in the bodily injury or death of an insured; and (2) for which the sum of the limits of liability under all valid and collectible liability insurance policies, bonds, and securities applicable to bodily injury or death: (i) is less than the amount of coverage provided under this section; or (ii) has been reduced by payment to other persons of claims arising from the same occurrence to an amount less than the amount of coverage provided under this section.

*Id.* at 344, 705 A.2d 29 (quoting INS. II § 19–509(a)).

Furthermore, we explained that denying additional coverage under the uninsured motor vehicle portion of the statute, "does not conflict with the State's basic policy consideration that every person is guaranteed a minimum amount of coverage, because the liability provision of the family's policy provides the insured with at least the statutory minimum amount of insurance." *Id.* at 348, 705 A.2d 29. We concluded, therefore, that the vehicle causing appellant's injury "was an in-

sured vehicle under a valid and collectible liability insurance policy with coverage in an amount as provided under the applicable code section, i.e., $20,000, for appellant's injury, and that coverage amount was not reduced to a lesser amount as the result of [other] claims...." *Id.* at 344–45, 705 A.2d 29.

We also observed that, even if the vehicle was within the meaning of an uninsured motor vehicle, appellant was excluded from coverage by the "owned-but-uninsured" exclusion. The exclusion permits insurers to exclude from uninsured motor vehicle coverage

> the named insured or a family member of the named insured who resides in the named insured's household for an injury that occurs when the named insured or family member is occupying or is struck as a pedestrian by an uninsured [or underinsured] motor vehicle that is owned by the named insured or an immediate family member of the named insured who resides in the named insured's household....

INS. II § 19–509(f)(1). Finally, we explained that allowing the insured and family members of the insured to recover benefits pursuant to the uninsured motor vehicle portion of the policy would be inconsistent with the portion of the statute governing liability insurance:

> [We cannot] construe the statute as permitting a total household exclusion to liability coverage "in excess of the financial responsibility limits required by Maryland law," but not [permitting a] limitation on household coverage under the uninsured motorist provision of the policy. *To do so would effectively transform the uninsured motorist coverage into family liability coverage not provided for by the policy and not required by the statute, which expressly permits a total household exclusion for uninsured motor vehicles.*

*Matta,* 119 Md.App. at 346, 705 A.2d 29 (emphasis added) (citing INS. § 19–509(f)(1)).

In *McBride, supra,* we were confronted with a similar factual scenario, in which the insured brought a declaratory

**176**

judgment action seeking determination of its obligation under the uninsured motor vehicle portion of a policy it issued. McBride, the insured, was injured while a passenger in her own car, which was being driven by her friend. The car was not listed, however, on McBride's insurance policy. After receiving insurance benefits from the liability portions of the driver's policy and her own policy, McBride sought to collect additional benefits from the uninsured motor vehicle portion of her policy.

We agreed with the insurer's assertion that McBride was not entitled to uninsured motor vehicle coverage for her injuries. *See McBride,* 69 Md.App. at 507, 518 A.2d 468. In reaching this conclusion, we noted that the terms of the insurance policy excluded from the definition of uninsured motor vehicle, "any vehicle or equipment ... [o]wned or furnished or available for [the insured's] regular use." *Id.* at 504, 518 A.2d 468. We also observed that, although the insurance statute requires insurers to provide at least the minimum amount of uninsured motor vehicle coverage, the statute also allows insurers to exclude from coverage benefits for "[t]he named insured or members of his [or her] family residing in the household when occupying, or struck as a pedestrian by, an uninsured motor vehicle that is owned by the named insured or a member of his [or her] immediate family residing in his [or her] household." *Id.* at 506, 518 A.2d 468 (quoting Art. 48A, § 541(c)(2)(i) (1957)). Thus, we concluded that McBride was not entitled to additional benefits because the insurer exercised its authority, granted by the insurance statute, to not provide uninsured motor vehicle coverage to automobiles owned by the insured. *See id.* at 506–07, 518 A.2d 468.

■ Our decisions in *Matta* and *McBride* are controlling on the case *sub judice,* and we decline to treat appellant's vehicle, which she and her husband insured, as an uninsured or underinsured vehicle. The policy in the instant case states that an "uninsured motor vehicle does not include any vehicle or equipment ... [o]wned by [the insured]...." This defini-

tion is similar to the definition analyzed in *Matta* and identical to the definition at issue in *McBride*. In both cases, we concluded that the definition validly excluded vehicles owned by a named insured of the policy from uninsured motor vehicle coverage. Accordingly, the trial court was correct to conclude that the definition contained in the policy at issue excludes appellant from uninsured motor vehicle benefits for injuries she allegedly sustained on May 31, 1996.

■ Furthermore, we do not accept appellant's assertion that *Matta* is distinguishable simply because appellant was a named insured and paid a premium for her insurance and the appellant in *Matta* was only a family member. To the contrary, our discussion in *Matta* states that the appellant was included as an additional "insured person" on the family's policy. *Matta*, 119 Md.App. at 339, 705 A.2d 29. Additionally, even if the appellant in *Matta* was only a family member, the decision is still instructive because named policy holders and household members are not treated differently by the "owned-but-uninsured" exception. Thus, we are not persuaded by appellant's attempt to distinguish our holding in *Matta*.

In addition, as we observed in *Matta* and *McBride*, the insurance statute expressly grants insurers the authority to exclude the vehicles owned by the insured from uninsured motor vehicle coverage. *See Matta*, 119 Md.App. at 343–45, 705 A.2d 29; *McBride*, 69 Md.App. at 506, 518 A.2d 468.[4] Nor does the exclusion violate public policy. The aim of the insurance statute is to insure that "all automobile liability policies . . . contain bodily injury or death liability coverage in at least the statutory minimum amounts." *Matta*, 119 Md. App. at 340, 705 A.2d 29 (citing *State Farm Mut. Auto. Ins. Co. v. Nationwide Mut. Ins. Co.*, 307 Md. 631, 643, 516 A.2d 586 (1986)). This amount was provided to appellant pursuant to the liability portion of the insurance policy. Accordingly,

---

4. Although *McBride* applies Art. 48A, § 541(c)(2)(i), the predecessor to INS. II § 19–509(f)(1), the analysis in *McBride* is still instructive because no substantive changes were made to this section when the statute was recodified.

the trial court correctly entered a declaratory judgment in appellee's favor.

**JUDGMENT OF THE CIRCUIT COURT FOR BALTIMORE COUNTY AFFIRMED.**

**COSTS TO BE PAID BY APPELLANT.**